ORRIN McFADDEN and others *vs.* TOWN OF DRESDEN.

Lincoln.　Opinion February 1, 1888.

*Injunction.　Towns.*

An injunction will not be granted to restrain a town from dividing money in its treasury, when there is no proof of an intention on the part of the town, or its officers, to thus divide, at the time of the commencement of the suit.

ON appeal from a decree of a single justice.

Bill in equity under the provisions of R. S., c. 77, § 6, cl. 9, to restrain the town from dividing the Lithgow money under the following proceedings of the town at a meeting legally called and held June 5, 1886.

(Warrant.)

"Art. 2.　To see if the town will vote to divide the proceeds of the real and personal estate which is now or may hereafter be received under the provisions of the will of the late L. W. Lithgow, deceased, among the inhabitants of the town according to families."

(Votes.)

"Voted, Divide Lithgow money, Yes, 139 ; No, 112.

"Voted, That the town treasurer be authorized to ask the Supreme Court whether the vote to divide the Lithgow bequest among the inhabitants of the town of Dresden can be legally carried into effect, with such other questions as may enable him to pay out the money safely, and that he be authorized to employ counsel for that purpose."

The bill was dated October 20, 1886.

Other material facts stated in the opinion.

*Geo. B. Sawyer*, for complainants.

Bill in equity, under the provisions of the 9th specification of § 6, c. 77, R. S., which gives the court equity jurisdiction in cases "when counties, cities, towns, school districts, villages or other corporations, for a purpose not authorized by law, vote to

pledge their credit, or to raise money by taxation, or to exempt property therefrom, or to pay money from their treasury, or if any of their officers or agents attempt to pay out such money for such purposes."

The other provisions of the statute are disjunctive from this. *Johnson* v. *Thorndike*, 56 Maine, 32. The origin of the fund to which the bill relates is fully stated in the report of the case of *Luques* v. *Dresden*, 77 Maine, 186. The acquisition of money by a town, is not to be deprecated, except where it involves burdensome taxation. All the mischief which the statutes guard against lies in the expenditure. *Hooper* v. *Emery*, 14 Maine, 375.

The present officers are not named or known as respondents. The bill seeks to enjoin not only them but their successors. They may change their views and intentions. The majority may elect officers favorable to the views of the majority, "and the new officers might be qualified and carry the illegal doings of the corporation into effect before service of a new injunction could be made." *Clark* v. *Wardwell*, 55 Maine, 61; *Johnson* v. *Thorndike*, 56 Maine, 32.

Even a different disposition of the fund by a subsequent vote of the town (if such vote shall be passed,) so long as the vote of which we complain stands unrescinded, would leave the town liable to the payment and distribution of other money instead of this, under the authority of that vote, or at least to be made defendant in a petition for mandamus to compel it. *Davis* v. *Bath*, 17 Maine, 141.

*J. W. Spaulding and F. J. Buker*, for the defendant.

WALTON, J. We think the plaintiffs' bill must be dismissed for want of sufficient proof to sustain it. It is undoubtedly true, as the plaintiffs' counsel contends, that a town can not lawfully divide its money among its inhabitants. But the defendants deny the existence of an intention to do so. They say that, on the contrary, the officers and agents of the town had been advised by legal counsel, and were satisfied, long before the commencement of this suit, that it would be illegal to do so. The votes of the town indicate a willingness, and, perhaps, an

**136** DOYLE *v.* RAILROAD CO.

intention, to divide the "Lithgow money," provided they could do so lawfully. But there is no proof that the town, or any of its officers or agents, intended such a division at the time of the commencement of this suit. The Court is, therefore, of opinion that there is no call for the injunction prayed for, and that the same ought not to be granted.

> *Decree below (dismissing the bill)*
> *affirmed, without costs.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.