**ISAACS BROTHERS COMPANY,**
Plaintiff-Appellant,

v.

**The HIBERNIA BANK et al.,**
Defendants-Appellees.

No. 71-1512.

United States Court of Appeals,
Ninth Circuit.

July 19, 1973.

John G. Sobieski (argued), Los Angeles, Cal., for plaintiff-appellant.

Moses Lasky (argued), of Brobeck, Phleger & Harrison, William H. Orrick, Jr., of Orrick, Herrington, Rowley & Sutcliffe, San Francisco, Cal., for defendants-appellees.

Before BROWNING and CHOY, Circuit Judges, and TAYLOR,* District Judge.

CHOY, Circuit Judge:

Isaacs Brothers Corp. (Isaacs), a shareholder in the Hibernia Bank (Bank), filed this class action on behalf of all the shareholders of the Bank against the Bank and three of its directors. Isaacs alleged that the Bank was soliciting shareholder votes by means of allegedly false and misleading proxy statements in violation of § 14(a) of the Securities Exchange Act, 15 U.S.C. § 78n(a) and Federal Deposit Insurance Corporation regulation 335.5(h), 12 C.F.R. 335.5(h).[1]

The complaint was filed on March 13, 1970, three days prior to the annual shareholders' meeting and requested that the Bank be enjoined from holding the meeting. Isaacs complained that the proxy statement contained a false and misleading material fact because it said that management did not know of any other matters than those set forth therein that were going to be presented at the annual meeting, but if any other matters were raised they would vote in accordance with their best judgment.

The Bank prepared the proxy statement in January, 1970. The statement was submitted to and approved by the FDIC and sent to the printer in early February. February 12, the anticipated date of mailing, was printed on the statement. On February 11 the proxy material had been stuffed into envelopes and was ready for mailing. On that date, however, Isaacs submitted a shareholder proposal to amend the by-laws by requiring mandatory retirement of all officers and directors over the age of ninety. Under FDIC (and SEC) regulations this proposal was submitted forty-three days too late to be included in the proxy statement.

Isaacs claimed that the proxy statement was false because the Bank was claiming that it knew of no other proposals when it was aware of Isaac's proposal. Since the district court refused to grant a restraining order, the annual meeting was held as scheduled. The

---

* The Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

1. Banks insured under the Federal Deposit Insurance Act and whose securities are registered under Section 12(g) of the Securities Exchange Act are subject to the rules and regulations of the FDIC rather than the SEC. 15 U.S.C. § 78*l*(i). As to fraudulent proxy solicitations the FDIC has adopted regulations that are almost identical with SEC regulation 14a–9, 17 C.F.R. 240.14.

proposal was presented but defeated with management casting its proxy votes against the proposal.

On March 25, 1970 Isaacs amended its complaint asking for a mandatory injunction requiring the Bank to hold a special shareholders meeting to vote on its proposal. Isaacs also prayed for other equitable relief and attorney's fees. The district court decided that the proxy statement was not materially misleading and granted the Bank's motion for summary judgment.

After this appeal was filed, Isaacs' proposal was included in the Bank's 1971 proxy statement. The proposal was again soundly defeated. Isaacs, however, continues to press this appeal, asking that we reverse the granting of summary judgment and award him equitable relief and attorney's fees.

 We dismiss the appeal because the case is moot. Mootness is a jurisdictional question. Unless a case or controversy exists, Article III of the Constitution precludes the exercise of judicial power. North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). To be justiciable, a "controversy must be definite and concrete, touching on legal relations of parties having adverse legal interests . . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 240–241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937).

 Assuming arguendo that the 1970 proxies contained material falsehoods, it is now impossible to grant any appropriate relief. Isaacs concedes that his original requested relief, rescheduling of the 1970 shareholders' meeting, cannot now be granted. But Isaacs contends that preventive relief can be granted and its claim for attorney's fees is still viable. We disagree.

No appropriate equitable relief can now be granted. The Bank did include Isaacs' proposal in the 1971 proxy statement. The original alleged violation was of such a nature that there is no reasonable expectation that the wrong, if any, will be repeated and therefore no injunctive relief can be granted. SEC v. Medical Committee for Human Rights 404 U.S. 403, 92 S.Ct. 577, 30 L.Ed.2d 560 (1972); Murphy v. Benson, 270 F. 2d 419 (2nd Cir. 1959) cert. denied, 362 U.S. 929, 80 S.Ct. 750, 4 L.Ed.2d 747 (1960).

But, Isaacs claims, though affirmative relief may be inappropriate, the case is not moot because the issue of its attorney's fees remains. There is some question whether the existence of this issue alone prevents a case from being moot. We need not decide this question since, in any event, Isaacs is not entitled to an award of attorney's fees.

 Counsel's fees and expenses incurred in litigation are recoverable when a party by his own effort and expense creates or preserves a fund which benefits others. Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). The award of attorney's fees is not limited to cases in which there is a monetary fund produced by the litigation. Mills, supra. But the litigation must confer "a substantial benefit on the members of an ascertainable class . . . ." Mills, supra at 393–394, 90 S.Ct. at 626.

 Here, Isaacs' suit has produced no substantial benefit to the shareholders it purports to represent. Kahan v. Rosenstiel, 424 F.2d 161 (3rd Cir.), cert. denied 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970), which plaintiff relies on is not in point. There the plaintiff's complaint alleged that a certain tender offer to stockholders was fraudulently inadequate. By an amended complaint, plaintiff alleged that the filing of the original complaint had forced the defendants to sweeten the offer, and that after the filing of the amended complaint the defendants had again sweet-

ened the offer, wherefore it was no longer necessary to continue the suit since everything the original complaint sought to accomplish had been accomplished. Under those circumstances, the court held that an award of attorney's fees would be appropriate.

Here, the filing of the complaint has accomplished nothing. The 1970 proxy statement and the resultant corporate election have not in any way been altered. An adjudication that there was a securities law violation[2] could not now be the basis for any relief. This court cannot proceed to a determination when its judgment would be wholly ineffectual. Since the case is moot, it is dismissed.

2. We do not here make any intimation that the 1970 statement violated the securities law under the particular circumstances affecting it.