Ralph GOLDBERG, Plaintiff,

v.

TAYLOR WINE CO. et al., Defendants.

No. 77 C 1548.

United States District Court,
E. D. New York.

March 31, 1980.

Avrom S. Fischer, Brooklyn, N. Y., for plaintiff.

Kramer, Lowenstein, Nessen, Kamin & Soll, Geoffrey M. Kalmus, New York City, for defendant, Taylor Wine Co.; Michael J. Doyle, Hammondsport, N. Y., of counsel.

Arnold & Porter, Abe Krash, Irvin B. Nathan, Scott B. Schreiber, Washington, D. C., for defendant, Coca–Cola Co.; Ugo F. Ippolito, Atlanta, Ga., of counsel.

Goldstein, Goldman, Kessler & Underberg, by Stuart L. Levison, Larry A. Stumpf, Rochester, N. Y., for defendant, Lincoln First Bank of Rochester.

Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N. Y., for defendants Swarthout, Douglas, MacKenzie, Meade, Magee, Mendall and Farnham.

Bond, Schoeneck & King, by Charles T. Beeching, Jr., Syracuse, N. Y., for defendant Hargrave.

## MEMORANDUM DECISION AND ORDER

SIFTON, District Judge.

This is a suit by Ralph Goldberg against Coca–Cola Company ("Coca–Cola"); Coca–Cola's wholly–owned subsidiary, Taylor Wine Co., Inc. ("Taylor"); Lincoln First Bank of Rochester ("Lincoln Bank"); and Joseph L. Swarthout, Russell B. Douglas, Sr., Sherman Farnham, Alexander D. Hargrave, Ransom G. MacKenzie, Joseph F. Meade, Jr., Lloyd G. Magee and Seaton C. Mendall (the "individual defendants") charging the defendants with violations of Sections 11, 12 and 17 of the Securities Act of 1933 and Sections 9, 10(b) and 14 of the Securities Exchange Act of 1934, and Rules 10b–5 and 14a–9 promulgated thereunder. The eight individual defendants were directors of Taylor, two of whom were also officers. The complaint charges, *inter alia*,

that a proxy statement and prospectus prepared by Coca–Cola and Taylor to solicit votes in favor of their proposed merger were false and misleading in violation of the cited federal statutes and regulations. It seeks money damages and equitable relief. Plaintiff, a shareholder of Taylor stock, sought to maintain this action as a class representative of Taylor's former shareholders and derivatively on behalf of Taylor.

Plaintiff's motion for class certification was denied by Order of this Court dated January 23, 1979. Plaintiff's derivative claim was dismissed by Order of this Court dated June 27, 1979.

■ Following the denial of class certification and dismissal of plaintiff's derivative claim, defendants tendered plaintiff a bank check for $825, constituting all possible recoverable costs, plus $25. The $25 represents more than twice plaintiff's own estimate of his damages. Defendants then moved to dismiss the action as moot relying on *Winokur v. Bell Federal Savings*, 560 F.2d 271 (7th Cir. 1977), and *Weisman v. Darneille*, 79 F.R.D. 389 (S.D.N.Y.1978), *appeal dismissed*, 595 F.2d 1210 (2d Cir. 1979).

Plaintiff initially opposed the motion to dismiss on the grounds that the tender of money did not moot plaintiff's claims for equitable relief and because, if plaintiff eventually prevailed, he could recover counsel fees. At the initial date for argument of the motion, November 5, 1979, the Court stated it would treat defendants' motion as one for summary judgment with respect to the claim for equitable relief. Plaintiff was directed to file additional papers specifying any legal authority or factual showing justifying equitable relief assuming all the facts he alleges are accepted as true.

Plaintiff now concedes that his action for damages is moot. *See* December 7, 1979, letter from plaintiff's counsel to the Court. Plaintiff has failed to cite any authority or make a factual showing to support the proposition that, if he should ultimately prevail on his individual claim, equitable relief would be appropriate.

Even if every fact alleged by the plaintiff were true, plaintiff would not be entitled to rescission. Even if such a remedy is possible at this stage, the burden on the thousands of other shareholders who, it is undisputed, have not sought such relief would be too great. *See, e. g.*, December 3, 1979, affidavit of Ugo F. Ippolito. Plaintiff has failed to specify any other possible operative equitable relief. Nor is there any merit to plaintiff's contention that the fact that further litigation may establish that the proxy statement was false and misleading justifies continuation of this lawsuit, even in the absence of the possibility of any operative relief for this assumed wrong–doing.

Plaintiff's reliance on *Mills v. Electric Auto–Lite*, 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970), is misplaced. The proposition that *Mills* allows an adjudication of the truthfulness of a proxy statement even in the absence of actual injury to the plaintiff was explicitly rejected by the Court of Appeals for the Second Circuit in *Browning Debenture Holders Committee v. DASA Corp.*, 524 F.2d 811 (2d Cir. 1975). The *Browning Debenture* court held that where minority damages were not at issue and equitable relief is inappropriate and "the remedy sought is a mere declaration of law without implications for practical enforcement upon the parties, the case is properly dismissed." *Id.* at 817. Defendants are, hence, entitled to summary judgment on plaintiff's equitable claims.

■ The Court also must reject plaintiff's argument that the action is not moot because, if successful in the trial and at the appellate level,[1] plaintiff may recover attorneys' fees. Although attorneys' fees are recoverable if the litigation provides a sub-

---

1. Counsel for defendants have conceded throughout this litigation that, even if class certification were denied and the claim of the named plaintiff were dismissed as moot, plaintiff would retain the right to appeal the denial of class certification. That this is the case was very recently confirmed in *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980).

stantial benefit to the class, *Simon v. New Haven Board & Carton Co.*, 516 F.2d 303, 307 n.1 (2d Cir. 1975), the mere possibility of recovering attorneys' fees will not prevent an action from being rendered moot in the absence of any other possible operative relief. *Flesch v. Eastern Pennsylvania Psychiatric Institute*, 472 F.Supp. 798, 802 (E.D. Pa.1979). *See Isaacs Brothers v. Hibernia Bank*, 481 F.2d 1168, 1170–71 (9th Cir. 1973).

For the foregoing reasons, it is hereby ORDERED that judgment be entered for plaintiff in the amount of $825, which sum is inclusive of costs and disbursements, and that the remainder of plaintiff's claims be dismissed. *Winokur v. Bell Federal Savings, supra; Weisman v. Darneille, supra.*

The Clerk is directed to enter judgment in accordance with this decision and to mail a copy of this opinion to all counsel.

SO ORDERED.