## TOWN OF KITTERY

v.

## Robert WHITE.

Supreme Judicial Court of Maine.

Argued June 5, 1980.

Decided June 27, 1980.

---

McEachern & Thornhill, by Duncan A. McEachern (orally), Kittery, for plaintiff.

Gary H. Reiner (orally), Kittery, for defendant.

Before McKUSICK, C. J., WERNICK, GLASSMAN and ROBERTS, JJ., and DU-FRESNE, A. R. J.

ROBERTS, Justice.

On August 22, 1979, the Town of Kittery filed a complaint for injunctive relief and a motion for preliminary injunction. On the same day, Town of Kittery obtained an order of a justice of the Superior Court directing the defendant to appear on September 17, 1979, and to answer and show cause why the *preliminary* injunction should not issue.[1] The complaint, summons, and order to show cause were served on defendant Robert White on August 30, and on defendant Thomasine Piche on September 8. On September 17, the day originally scheduled for hearing, the Town of Kittery, without any record of hearing, obtained an order directing the clerk to continue and to

reset the case. On September 19, defendant Piche filed an answer. On September 21, attorney Gary Reiner entered an appearance on behalf of Robert White.

Without any further notice of record to any party, a hearing on the preliminary injunction was held October 9, 1979. Neither defendant Piche nor her attorney appeared. Gary Reiner appeared without his client. On October 24, 1979, an order was entered reciting that a hearing had been held on a complaint for injunctive relief and purporting to be a final judgment granting such relief.

On November 21, 1979, defendant White filed a notice of appeal to the Law Court. On December 13, 1979, defendant White filed a motion for relief from order and for reconsideration which recited *inter alia* that defendant White did not have notice of the hearing on October 9. Defendant's motion was denied, apparently without hearing on January 23, 1980. On February 12, 1980, on motion of defendant White and by agreement, the Superior Court granted a stay of the injunction. We dismiss the appeal for lack of a final judgment.

Although Rule 65(b)(2) provides that the court may order the trial of an action on the merits to be advanced and consolidated with the hearing on the application for a preliminary injunction, we find absolutely no record of any such order or of any stipulation of counsel. In fact, at oral argument defendant White vigorously denied any such agreement. Plaintiff Town of Kittery claimed, without support in the record, "it was our understanding we were hearing the merits."[2] Even though defendant White was in default for failure to file a timely answer to the complaint, no default had ever been entered, no notice of an application for default judgment had been given as required after defendant White's appearance, and neither had any affidavit been

---

1. We consider an order to show cause an inappropriate form of notice of hearing on a motion for preliminary injunction. We also consider the preliminary relief requested overbroad for the legitimate purpose of maintaining the status quo. 2 R. Field, V. McKusick, and L. Wroth, *Maine Civil Practice* § 65.2(2) (2d ed. 1979).

2. We find this case clearly distinguishable on its facts from *Summit Realty, Inc. v. Gipe*, Me., 315 A.2d 428 (1974) where we said at page 429 "[T]he record makes it clear that both parties and the Justice below considered that the trial was on the merits of the action."

filed in compliance with M.R.Civ.P. 55(b)(4). We cannot therefore consider the hearing of October 9 to have been by default. Since no answer was filed by defendant White, the merits of the complaint were not at issue and were not in order for trial. The only notice of record was a notice of hearing on a preliminary injunction. The injunction granted was not described as being preliminary and was not in proper form under Rule 65. No security was required, nor did the order recite good cause for waiving the requirement of security pursuant to Rule 65(c).

Since we hold that the order of October 24 is not a final judgment, we must dismiss the pending appeal for lack of jurisdiction. We have noted that the order is insufficient as a preliminary injunction under the provisions of Rule 65. We have noted that the defendant White is in default for failure to answer. We make these comments without intimating any opinion on the merits or on the nature of any further proceedings herein. We must simply dismiss this appeal for lack of jurisdiction.

The entry is:

Appeal dismissed for lack of jurisdiction.

Case remanded to Superior Court.

No costs allowed to either party.

All concurring.