Mary Frances CONNORS

v.

INTERNATIONAL HARVESTER
COMPANY et al.

Supreme Judicial Court of Maine.

Argued Jan. 8, 1981.

Decided Dec. 10, 1981.

Thaxter, Lipez, Stevens, Broder & Micoleau, Richard P. Romeo (orally), Karen A. Massey, Portland, for plaintiff.

Preti, Flaherty & Beliveau, Harold J. Friedman (orally), Thomas M. Egan (orally), Portland, for Int'l Harvester Co. et al.

Thompson, Willard & McNaboe, David M. Hirshon, Thomas R. McNaboe, Portland, for Caterpillar Tractor Co.

Richard E. Valentino, Saco, for Saco Motors, Inc.

Before GODFREY, NICHOLS, GLASSMAN,* ROBERTS and CARTER, JJ.

NICHOLS, Justice.

The Plaintiff, Mary Frances Connors, appeals from an order of the Superior Court, Cumberland County, granting a preliminary injunction in favor of the Defendants, International Harvester Co., International Harvester Credit Corp., Caterpillar Tractor Co., and Saco Motors, Inc. The order enjoined the Plaintiff from the continued use and operation of an International Harvester tractor-truck purchased from the Defendant, Saco Motors, Inc., pursuant to an installment sales contract dated September 22, 1978.

---

* GLASSMAN, J., sat at oral argument and participated in the initial conference, but died before this opinion was adopted.

On April 20, 1979, the Plaintiff had instituted suit, seeking monetary damages for, *inter alia* the Defendant's alleged breach of express and implied warranties. The Defendants counterclaimed on May 22, 1979, for monetary damages allegedly sustained as a result of the Plaintiff's default under the installment sales contract.[1] On March 10, 1980, the Superior Court granted the Defendants' motion, enjoining the Plaintiff from continued use of the vehicle. The Plaintiff timely appeals from the order granting that preliminary injunction.

We sustain the appeal.

■ Fundamental to our appellate procedure is the sound rule that we will not consider an appeal unless it derives from a final judgment or order, or unless, notwithstanding the lack of finality, it falls within a recognized exception to the final judgment rule. *Durgin v. Robertson*, Me., 428 A.2d 65, 67 (1981); *Bar Harbor Banking & Trust Co. v. Alexander*, Me., 411 A.2d 74, 76 (1980); *Maine Central Railroad Co. v. Bangor & Aroostook Railroad Co.*, Me., 395 A.2d 1107, 1112 (1978).

■ On several occasions in the past, nevertheless, we have recognized that, given the appropriate circumstances, an injunction may represent an exception to the final judgment rule. *Bar Harbor Banking,* supra at 76–77; *Moffett v. City of Portland*, Me., 400 A.2d 340, 343 n. 8 (1979); *Maine Central Railroad, supra* at 1112 n. 5; *Blaney v. Rittall*, Me., 312 A.2d 522, 525 n. 2 (1973). At no time, however, have we construed injunctions as constituting a blanket *per se* exception to the final judgment rule. *See* 2 R. Field, V. McKusick and L. Wroth, *Maine Civil Practice* § 73.3 (Supp. 1981). Although a preliminary injunction and a collateral order have similar factors which must be considered in the application of each, the two are generally regarded as being quite dissimilar so far as exceptions to the final judgment rule are concerned. *See generally*, 2 R. Field, V. McKusick, and L. Wroth, *Maine Civil Practice* §§ 73.1–73.3

(2d ed.1970). We acknowledge, however, that, given the proper circumstances, an order granting injunctive relief could be treated like an order of attachment.

In *Moffett v. City of Portland*, Me., 400 A.2d 340 (1979), we allowed an appeal from the denial of a preliminary injunction sought by plaintiff police officers seeking to prevent public disclosure under the Maine Freedom of Access Act[2] of their statements made during an internal police disciplinary investigation. Recognizing that failure to allow the appeal would result in the public disclosure of the officers' statements and therefore moot the issue of whether any of the statements were exempt from the Freedom of Access Act, we deemed the appeal an appropriate exception to the final judgment rule. The exception, we reasoned, should be "permitted where substantial rights of a party will be irreparably lost if review is delayed until final judgment." *Moffett, id.* at 343 n. 8, *citing, Hazzard v. Westview Golf Club, Inc.*, Me., 217 A.2d 217, 222 (1966).

■ We conclude that this case, where the impact of the preliminary injunction is so similar to the impact of an attachment, is another such exception to the final judgment rule, and, so far as finality of judgment is concerned, we should follow the rule we announced in *Moffett, supra*. Otherwise the issue raised by the Plaintiff here would be effectively mooted.

■ The order granting this preliminary injunction stated that "security ... is waived pursuant to Rule 65(c), there being good cause shown for said waiver." M.R. Civ.P. 65(c) provides in pertinent part:

No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained, provided, however,

---

1. We do not concern ourselves on this appeal with the parties' underlying claims for monetary damages.

2. 1 M.R.S.A. § 401 *et seq.* (1979).

that *for good cause shown and recited in the order, the court may waive the giving of security.* (emphasis added).

Although the order in this case concludes that "good cause" for waiving the posting of security has been shown, the order fails to recite what the "good cause" consists of. Rule 65(c) specifically provides that this "good cause" be *recited in the order.* This requirement comports with the requirement of specificity mandated by Rule 65(d). This requirement of "[s]pecificity has long been a hallmark of the well-drafted injunctive decree." *Developments in the Law—Injunctions,* 78 Harv.L.Rev. 994, 1065 (1965). It cannot be overlooked here.

We conclude that the purported preliminary injunction was of no effect.

The entry, therefore, must be:

Appeal sustained.

Order of preliminary injunction vacated.

Remanded for further proceedings consistent with the opinion herein.