Fay M. KLINE, Plaintiff,

v.

Emanuel L. WOLF, Jay N. Feldman, C. Ray Holloway, William V. Lurie, Carl Prager, Julio Proietto, Jack M. Sattinger and Price Waterhouse & Co., Defendants.

Paul BLOCK, Plaintiff,

v.

Emanuel L. WOLF, Jay N. Feldman, C. Ray Holloway, William V. Lurie, Carl Prager, Julio Proietto, Jack M. Sattinger and Price Waterhouse & Co., Defendants.

Nos. 80 Civ. 2221, 80 Civ. 2364.

United States District Court, S. D. New York.

Jan. 5, 1982.

Kass, Goodkind, Wechsler & Labaton by Stuart D. Wechsler, Patricia Avery, Joseph Sternberg, New York City, for plaintiff Kline.

A. Arnold Gershon, New York City, for plaintiff Block.

Jacobs, Persinger & Parker by Irving Parker, Joseph N. Salomon, William Lasher, New York City, for defendants Wolf, Feldman, Lurie, Proietto and Sattinger in the Kline action; and for defendant Proietto, Feldman and Sattinger in the Block action.

Davis Polk & Wardwell by Bartlett H. McGuire, Ogden N. Lewis, Emily E. Berger, Jamie E. Stern, New York City, for Price Waterhouse in both actions.

## MEMORANDUM

EDWARD WEINFELD, District Judge.

These two consolidated actions were commenced as class actions on behalf of purchasers of Allied Artists Industries, Inc. stock for the period August 18, 1978 to April 4, 1979 upon claims of violations of section 10(b) and Rule 10b–5 of the Securities Exchange Act of 1934.[1] The claims allege misrepresentation in and omissions from Allied's 1978 Annual Report. This Court denied plaintiffs' application for class action certification. Familiarity is assumed with its opinion with respect thereto.[2]

Thereafter, this Court upon a status calendar call on December 18, 1981, ordered all pretrial discovery to be completed within 30 days. Plaintiffs, who previously had not moved with dispatch to complete discovery, have since served various notices to take depositions of parties or witnesses, which defendants characterize as a "crash discovery program." Thereafter, in an effort to avoid the expense and burdens of this intensive discovery program and to eliminate duplication of activity in view of two class actions pending in the Eastern District of Pennsylvania involving the same claims as here advanced, the defendants tendered to each plaintiff the full amount of dam-

ages that could be recovered upon a trial on the merits, including interest to date plus statutory costs. The plaintiffs do not challenge the amount so computed. Of course, the denial of the class action certification motion left plaintiffs with their individual claims subject, however, to a right of appeal with respect to the denial.

Simultaneously with the tender offer, the defendants moved pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for an order entering judgment in favor of the plaintiffs in such amounts, and as the order to show cause states, dismissing each action with prejudice on the ground that the judgment so entered moots their individual claims; and in the event the tenders are rejected, defendants seek leave pursuant to Rule 67 to deposit the rejected tenders with the Court and have a stay of all discovery. Parenthetically, it may be noted that during the course of the argument of this motion, the Court pointed out that it regards as an inconsistency in the defendants' prayer for relief on the one hand asking that judgments be entered in favor of plaintiffs and on the other hand asking for a dismissal of the action with prejudice. In this Court's view, as I have already stated during the argument, the entry of the judgment itself would conclude the action and there is no basis for seeking a dismissal of an action where a judgment is rendered.

The tender offer, however, is "without waiver of any defenses or making any admissions in respect of any matters alleged in the complaints."[3] Plaintiffs have declined to accept the offer since it is conditional, and further they contend that no actual legal tender has been made since the cashier's checks have merely been displayed to them, nor has the sum allegedly tendered been deposited in the Registry of the Court. Plaintiffs further argue that if the case proceeds to trial and they prevail, their recovery would be upon the merits and they would not have to concede, as the tender

---

**1.** 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b–5.

**2.** 88 F.R.D. 696 (S.D.N.Y.1981).

**3.** Defendants' Order to Show Cause at 2.

proposes, that the defendants were not liable as the complaint charges. In this circumstance, the Court is not justified in entering judgment in plaintiffs' favor.

While the substantive claim of each plaintiff for damages allegedly sustained would preclude an appeal from a final judgment with respect to that aspect of their claim, they still retain their right to take an appeal of class certification. The Supreme Court addressed itself to this very issue in *Deposit Guaranty National Bank of Jackson, Mississippi v. Roper.*[4] The precise issue considered by the Court was "whether a tender to named plaintiffs in a class action of the amounts claimed in their individual capacities, followed by the entry of judgment in their favor on the basis of that tender, over their objection, moots the case and terminates their right to appeal the denial of class certification."[5] The Court noted that "[a]t no time did the named plaintiffs accept the tender in settlement of the case; instead, judgment was entered in their favor by the court without their consent and the case was dismissed over their continued objections."[6] The Court then held that "[n]either the rejected tender nor the dismissal of the action over plaintiffs' objections mooted the plaintiffs' claim on the merits so long as they retained an economic interest in class certification. Although a case or controversy is mooted in the Art. III sense upon payment and satisfaction of a final unappealable judgment, a decision that is 'final' for purposes of appeal does not absolutely resolve a case or controversy until the time for appeal has run. Nor does a confession of judgment by defendants on less than all the issues moot an entire case; other issues in the case may be appealable. We can assume that a district court's final judgment fully satisfying named plaintiffs' private substantive claims would preclude their appeal on that aspect of the final judgment; however, it does not

follow that this circumstance would terminate the named plaintiffs' right to take an appeal on the issue of class certification."[7]

Under the circumstances, the plaintiffs' position is upheld. Defendants, if so advised, may either deposit the funds with the Court under Rule 67 or make an offer of judgment under Rule 68. If defendants make the deposit or offer a judgment within two days from date, the motion to stay all discovery and proceedings is granted until determination of the other class actions now pending in the Eastern District of Pennsylvania; otherwise denied. In view of the other class actions pending in the Eastern District of Pennsylvania, plaintiffs' rights as putative members of the class are not prejudiced by the stay. Moreover, as already noted, their right to appeal from the denial of the class certification remains intact.

The cases relied upon to declare the actions herein moot are inapplicable. *Weisman v. Darneille*[8] was decided prior to the Supreme Court ruling in *Roper.* In *Goldberg v. Taylor Wine Co.*,[9] plaintiff conceded that his action for damages was mooted but the court specifically recognized plaintiff retained his right to appeal the denial of class certification.[10]

One final word should be added. The Court's disposition is made in the interest not only of judicial economy but also for the preservation of the litigants' time, resources, and finances, and to avoid duplicitous activity. In denying a motion last week made by the plaintiffs for separate and individual trials for each plaintiff, this Court noted that separate trials would not "be conducive to expedition and economy," as required by Rule 42; to the contrary, they would be a needless waste of litigants', counsels', and the Court's time, and would impose additional and unnecessary expense upon the parties. What was said last week

---

4. 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980).

5. 445 U.S. at 327, 100 S.Ct. at 1168.

6. 445 U.S. at 332, 100 S.Ct. at 1170.

7. 445 U.S. at 332–33, 100 S.Ct. at 1170.

8. 79 F.R.D. 389 (S.D.N.Y.1978).

9. 499 F.Supp. 468 (E.D.N.Y.1980).

10. *See* footnote 1 under the authority of the *Roper* case.

in the disposition of that motion is equally true today. In no respects are the rights of the plaintiffs prejudiced by granting the application to the extent indicated herein.

An order may be submitted pursuant to the foregoing. The order may contain a provision that this disposition in no respect shall constitute a waiver of any right or any defense that the defendants may have with respect to any other action instituted upon the same claim, particularly the actions pending in the Eastern District of Pennsylvania, or any other matters that may be instituted in this or any other court.

Finally, in the absence of any new factual situation, the reasons that led to the denial of the prior motion for class certification remain, and there is no basis upon which the Court, in the light of its prior disposition, would grant class certification in this action. It would be to the prejudice of the class action to allow these plaintiffs to be the representatives in the class action. Accordingly, plaintiffs' oral reapplication for class certification is denied. So ordered.