**Mary Frances CONNORS**

v.

**INTERNATIONAL HARVESTER CREDIT CORPORATION et al.**

Supreme Judicial Court of Maine.

Argued June 15, 1981.

Decided July 23, 1982.

Thaxter, Lipez, Stevens, Broder & Micoleau, Richard P. Romeo (orally), Portland, for plaintiff.

Preti, Flaherty & Beliveau, Dennis M. Patterson (orally), Portland, for defendants.

Before McKUSICK, C. J., NICHOLS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

NICHOLS, Justice.

The appeal comes to us in the unusual circumstance of parties involved in litigation for more than three years without ever bringing their controversy to a pre-trial conference, focusing their efforts instead during the case's long history upon three successive attempts by one counterclaiming Defendant to obtain a preliminary injunction.

The Plaintiff, Mary Frances Connors, now appeals from a January 29, 1982, order of the Superior Court, Cumberland County, on the motion of the Defendant, International Harvester Credit Corporation, granting it a preliminary injunction. This order purported to enjoin the Plaintiff from the continued use and operation of an International Harvester tractor-truck acquired by her from the Defendant Saco Motors, Inc., on an installment sales contract dated September 22, 1978.

On April 20, 1979, the Plaintiff had instituted suit, seeking monetary damages for, *inter alia*, alleged breach of express and implied warranties by the Defendants, International Harvester Company, Caterpillar Tractor Company, and Saco Motors, Inc. The Defendant, International Harvester Credit Corporation, counterclaimed on May 22, 1979, for monetary damages allegedly sustained as a result of the Plaintiff's default under the installment sales contract.[1]

■ For the second time an appeal has been brought here from a Superior Court order purporting to grant a preliminary injunction in favor of the Defendant. The first appeal came after the Superior Court, on March 10, 1980, undertook to grant the February 27, 1980, motion of the same Defendant for a preliminary injunction. We vacated that earlier order because it failed to recite the "good cause" for waiving the posting of security which is required by M.R.Civ.P. 65(c). *Connors v. International Harvester Company*, Me., 437 A.2d 880 (1981).[2]

At oral argument of this second appeal it was made clear that by April, 1980, the Plaintiff had returned the tractor-truck to Defendant, International Harvester Credit Corporation. That Defendant, counsel conceded, has maintained possession of the tractor-truck from that time.

■ Instead of pressing forward toward a trial on the merits in a case already almost three years old, once again on Janu-

---

1. We do not concern ourselves on this appeal with the parties' underlying claims for monetary damages and we intimate no opinion whatsoever on the merits of their respective claims.

2. After an appeal had been docketed in the Law Court and was there pending, the Defendant, International Harvester Credit Corporation, on December 16, 1981, returned to Superior Court and purported to move a second time for a similar preliminary injunction; the Superior Court purported to grant such a preliminary injunction on December 29, 1981. In fact, of course, the Superior Court had no authority whatsoever to act on a case while the appeal was in the Law Court. M.R.Civ.P. 73(f).

ary 29, 1982, the same Defendant moved one more time in similar language for a preliminary injunction against the Plaintiff's continued use of the tractor-truck. There was then no justiciable controversy[3] as to the Plaintiff's continued use of the tractor-truck because some 20 months earlier she had surrendered to the Defendant possession of the tractor-truck. When the motion was filed the parties were already in exactly the same position they would be after a granting of that motion. *See Lewiston Urban Renewal Authority v. City of Lewiston*, Me., 349 A.2d 763, 766 (1976) (issuance of mandatory injunction was error); *McFadden v. Town of Dresden*, 80 Me. 134, 136, 13 A. 275, 276 (1888) (dismissal of bill affirmed).

Justiciability requires that there be a real and substantial controversy, admitting of specific relief through a judgment of conclusive character as distinguished from a judgment merely advising what the law would be if, for example, this Plaintiff should someday decide to assert a right to possession of the tractor-truck. *Isaac Brothers Company v. Hibernia Bank*, 481 F.2d 1168, 1170 (9th Cir. 1973).

A justiciable controversy is a claim of present and fixed rights, as opposed to hypothetical or future rights, asserted by one party against another who has an interest in contesting the claim. Accordingly, rights must be declared upon the existing state of facts and not upon a state of facts that may or may not arise in the future. *Loy v. Bunderson*, 101 Wis.2d 215, 221, 304 N.W.2d 140, 143 (1981).

Where a court attempts to act on a non-justiciable controversy, its action cannot be more than advisory. Save for the authority conferred upon the justices of the Supreme Judicial Court under article VI, section 3, of the Maine Constitution to render such opinions on solemn occasions, Maine judges have no authority to render advisory opinions. *Bar Harbor Banking &*

*Trust Company v. Alexander*, Me., 411 A.2d 74, 76 (1980).

Where, as here, the Superior Court was presented with no justiciable controversy, it could not order a preliminary injunction.

The entry is:

Appeal sustained.

Order of preliminary injunction, dated January 29, 1982, vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

**3.** *See Maine Sugar Industries, Inc. v. Maine Industrial Building Authority*, Me., 264 A.2d 1, 4 (1970) (justiciable controversy).