**John E. HAYES, Jr. and
Helen C. Hayes**

v.

**Frank BICKFORD.**

Supreme Judicial Court of Maine.

Argued Jan. 15, 1986.

Decided Feb. 4, 1986.

Loyd, Bumgardner, Field & Patterson, Lynn Spann Bowditch (orally), Dennis M. Patterson, Brunswick, for plaintiff.

Grover G. Alexander (orally), Gray, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

MEMORANDUM OF DECISION.

Defendant Frank Bickford appeals from an order of the Superior Court (York County) granting a preliminary injunction. The order prohibits any excavation or removal of gravel, minerals, or trees from certain premises owned by Mr. and Mrs. Hayes and leased to Bickford.

■ A preliminary injunction is an interlocutory order that has as its purpose the maintenance of the status quo pending a final determination of the parties' rights. *See Town of Kittery v. White*, 415 A.2d 1087, 1088 n. 1 (Me.1980); 2 Field, McKu-

sick & Wroth, *Maine Civil Practice* § 65.- 2(2) (2d ed. 1970). Because it is an interlocutory order, a preliminary injunction is not appealable unless it falls within a recognized exception to the final judgment rule. *Connors v. International Harvester Co.*, 437 A.2d 880, 881 (Me.1981). Our review of the record reveals that the preliminary injunction entered in this case does not fall within any such exception.

The entry is:

Appeal dismissed.

All concurring.