1999 ME 1

Robert SOUCY

v.

SULLIVAN & MERRITT, et al.

Supreme Judicial Court of Maine.

Argued Oct. 6, 1998.

Decided Jan. 6, 1999.

---

Thomas R. Watson (orally), McTeague, Higbee, MacAdam, Case, Watson & Cohen, P.A., Topsham, for employee.

Peter M. Weatherbee (orally), Weatherbee, Woodcock, Burlock & Woodcock, P.A., Bangor, for employer.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] The employee, Robert Soucy, appeals from a decision of the Workers' Compensation Board denying his petition to remedy discrimination. 39–A M.R.S.A. § 353 (Supp.1998). The Board concluded that, although there was evidence of discriminatory conduct arising after the date of settlement, Soucy waived his right to assert a claim for discrimination relating to prospective acts when he entered into a 1993 settlement agreement and contemporaneously resigned from employment. Because we conclude that there is insufficient evidence that the parties reached an agreement with respect to discrimination claims arising in the future, we vacate the decision of the Board.

1. Section 353 provides, in pertinent part:
§ 353. Discrimination
An employee may not be discriminated against by any employer in any way for testifying or asserting any claim under this Act. Any employee who is so discriminated against may file a petition alleging a violation of this section. The matter must be referred to a hearing officer for a formal hearing under section 315, but any hearing officer who has previously

[¶ 2] The Board's decision is based on the following undisputed findings. Prior to his injury, Soucy was employed as an iron worker receiving short-term work-assignments with various employers through his labor union. Soucy suffered a work-related injury on January 20, 1989, while employed at Sullivan & Merritt. Sullivan & Merritt is a large employer, operating several facilities in northern Maine and was a primary source of work for Soucy prior to his injury.

[¶ 3] Soucy settled his workers' compensation claim against Sullivan & Merritt in 1993 for a lump sum of $10,000. He also signed a separate, contemporaneous resignation and a release of liability. Soucy was medically cleared for work after the agreement.

[¶ 4] In 1995, Soucy was sent by his union to the Sullivan & Merritt job site in Madawaska, Maine, to apply for work. When he arrived at the work-site, he was told by the employer that he would not be hired because of the lump sum settlement. Soucy filed a petition with the Board, alleging that the employer's refusal to rehire him constituted discrimination.[1]

[¶ 5] The Board found, as a fact, that the employer's refusal to rehire Soucy was based solely on the existence of the lump sum agreement. The Board then considered whether Soucy had waived his right to bring a claim for discrimination. The Board stated: "The question in this particular case is does [the agreement] prohibit discrimination claims for acts of discrimination which occur after the date of settlement?"

[¶ 6] Examining the language of the agreement, the Board concluded that the settlement "specifically covers any acts of discrimination made by the employer up to the date of the commutation of benefits," but does not address prospective claims arising

rendered any decision concerning the claim must be excluded. If the employee prevails at this hearing, the hearing officer may award the employee reinstatement to the employee's previous job, payment of back wages, reestablishment of employee benefits and reasonable attorney's fees.

. . . .

39–A M.R.S.A. § 353.

from future acts of discrimination. However, the Board denied Soucy's petition for discrimination based on what it understood to have been a common practice among other employers and employees. We granted Soucy's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (Supp.1998).

■■■ [¶ 7] As we have stated, approved settlement agreements are binding as to matters agreed upon, *see Dufault v. Midland–Ross of Canada, Ltd.,* 380 A.2d 200, 205 (Me.1977), and principles of contract govern their interpretation, *Hafford v. Kelly,* 421 A.2d 51, 53 (Me.1980).[2] The language of the settlement agreement, as the Board concluded, contains no explicit waiver of Soucy's right to bring a discrimination claim related to a refusal to rehire him in the future.[3] In the absence of express contractual language, the existence of such a waiver must arise from an implied term outside the written agreement, and there must be competent evidence in the record of an intent by both parties to create such a term at the time of the contract. *See Seashore Performing Arts Ctr., Inc. v. Town of Old Orchard Beach,* 676 A.2d 482, 485 (Me.1996). Moreover, any agreement that is purported to include a waiver of an employee's important statutory right must be construed narrowly with ambiguities resolved in favor of the employee. *See e.g., Wright v. Universal Maritime Serv.*

*Corp.,* ── U.S. ──, ──, 119 S.Ct. 391, 396, 142 L.Ed.2d 361, ── (1998) (no waiver of statutory right to judicial forum for federal statutory discrimination claim in absence of clear and unequivocal language in agreement).

.■■ [¶ 8] The Board, in this case, based its finding of an implied agreement on its own experience that it is a "common practice" for employers to intend to sever all potential liability for prospective discrimination claims by entering into lump sum settlements with contemporaneous resignations. The Board made no finding in this case, however, that Soucy knowingly and intentionally waived his right to bring a claim for discriminatory conduct arising in the future, and there is no evidence in the record to support such a finding. As the Board found, Soucy was never questioned during the lump sum settlement confirmation proceeding about whether he understood that he was giving up his ability to seek future employment with Sullivan & Merritt. Indeed, had the employee and the Board understood at the time of the confirmation that Soucy would be giving up all future possibility of employment with Sullivan & Merritt, his primary source of employment, the Board would have been required, pursuant to 39–A M.R.S.A. § 352(3)(C), to consider the employee's post-injury earnings and employ-

---

2. Section 352, governing lump sum settlements, provides, in pertinent part:

§ 352. Lump-sum settlements

1. Agreement. An insurer, self-insurer or self-insured group and an employer and employee may by agreement discharge any liability for compensation, in whole or in part, by the employer's payment of an amount to the employee if:

A. The insurer, the employee or the employee's dependents petition the board for an order commuting all payments for future benefits to a lump sum;

B. Six months' time has elapsed from the date of an injury; and

C. The provisions of this section have been met and the agreement has been approved by the board.

. . . .

3. Review. Before approving any lump-sum settlement, the board shall review the following factors with the employee:

A. The employee's rights under this Act and the effect a lump-sum settlement would have

on those rights, including, if applicable, the effect of the release of any employer's liability for future medical expenses;

B. The purpose for which the settlement is requested;

C. The *employee's post-injury earnings* and prospects, considering all means of support, including the projected income and financial security resulting from proposed employment, self-employment or any business venture or investment and the prudence of consulting with a financial or other expert to review the likelihood of success of these projects; and

D. Any other information, including the age of the employee and of the employee's dependents, that would bear upon whether the settlement is in the best interest of the claimant.

. . . .

39–A M.R.S.A. § 352 (Supp.1998).

3. Sullivan & Merritt conceded at oral argument that the settlement agreement is silent on this point.

ment prospects to determine whether he was adequately protected by the agreement. This did not occur. We conclude that, under the facts of this case, the Board's finding of a common practice in the industry, without more, is insufficient to establish that Soucy intended to forego prospective claims for future acts of discrimination.

[¶ 9] Although the Board found that Soucy was refused work because of the settlement agreement, and not specifically for "asserting [a] claim under [the] Act," as required by 39–A M.R.S.A. § 353, we conclude that the decision, taken as a whole, implies a finding of discriminatory conduct with the additional finding that Soucy waived his right to assert a discrimination claim. We vacate the decision only with respect to the latter finding involving waiver. We affirm the Board's finding of discriminatory conduct and remand for further proceedings pursuant to section 353.

The entry is

The decision of the Workers' Compensation Board vacated. Remanded to the Workers' Compensation Board for further proceedings consistent with this decision.

