[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this summary process action based on the named defendant[1] Frank Fonsworth's violation of lease, the parties are before the court on Fonsworth's Motion to Enforce Stipulation of Judgment Agreement. The issue is whether a stipulation signed by the plaintiff's attorney, the defendant's attorney and the defendant is enforceable where it is claimed the plaintiff's attorney acted without client authorization when signing and filing the stipulation.
 FACTS
The plaintiff's attorney, the defendant and the defendant's attorney signed a "Stipulation for Judgment" dated April 26, 2000, which the plaintiff's attorney filed with the clerk's office on May 1, 2000. Within hours after the filing, before the court had entered the judgment, plaintiff's attorney retrieved the file stamped stipulation from the clerk's office.[2] The plaintiff has refused to comply with the terms of the agreement, arguing that its attorney acted without its authorization when signing and filing the stipulation.
 DISCUSSION
The defendant moves to enforce the stipulation for judgment that was filed with the court. The defendant argues that the agreement is binding because it represented a meeting of the minds between the parties, was clear and unambiguous, and was signed by both parties and filed with the court. The defendant argues, furthermore, that the plaintiff is bound even if it changed its mind after having entered into the agreement.
The plaintiff objects to the defendant's motion to enforce the stipulation. The plaintiff argues that the stipulation is not binding on it because the plaintiff's counsel acted without authorization. In support of its objection, the plaintiff provided the affidavit of Frank B. Corbett, the executive director of the plaintiff housing authority, in which he avers that he "was not consulted as to the terms and conditions of the proposed stipulated agreement," and that he did not consent to the agreement. CT Page 6813
The defendant argues in response that the plaintiff's attorney had apparent authority to enter into the agreement on the plaintiff's behalf. The defendant offers the affidavit and supplemental affidavit of the defendant's attorney, who avers that the plaintiff's attorney never indicated that her client needed to review the agreement and never indicated that she had not obtained her client's consent.
The court held an evidentiary hearing at which Mr. Corbett appeared and testified. He has been executive director of the plaintiff for over three and a half years and during his tenure, there have been only two eviction actions, including this one. There is a written fee or retainer agreement with counsel, but it is silent as to settlement authority. He was told by the plaintiff's attorney that an agreement had been presented and rescinded "because it had been done so without my permission . . ."
"[A]n attorney who is clothed with no other authority than that arising from his employment in that capacity has no implied powers by virtue of his general retainer to compromise and settle his client's claim or cause of action, except in certain conditions of emergency. Either precedent special authority from the client or subsequent ratification by him is essential in order that a compromise or settlement by an attorney shall be binding on his client." Cole v. Myers, 128 Conn. 223, 227, 21 A.2d 396
(1941). "An attorney who is authorized to represent a client in litigation does not automatically have either implied or apparent authority to settle or otherwise to compromise the client's cause of action." Acheson v. White, 195 Conn. 211, 213 n. 4, 487 A.2d 197 (1985).
"Under a factual scenario strikingly similar to the one in this case . . . it was held that there was no meeting of the minds where the attorney had no authority to enter into an agreement for compromise that was never authorized by his client. Loraas v. Connolly, 131 N.W.2d 581 (N.D. 1964). A common intention or meeting of the minds of the negotiating parties themselves is essential to the making of an accord, and where one party understands an agreement of settlement to be one thing, and the other party understands it to be another, there is no meeting of the minds of the parties, regardless of what the attorney conducting the negotiations believes to be his client's understanding. Id." Savings Bank of Rockvillev. Garofalo, Superior Court, judicial district of Tolland at Rockville, Docket No. 54167 (February 28, 1997, Hammer, S.T.R.). The Superior Court,Hammer, S.T.R., held in Savings Bank of Rockville v. Garofalo that, where the plaintiff's attorney lacked authority to enter into the disputed agreement, "there was no meeting of the minds and no agreement between the parties." Id.; see also Granetos-Marmorese Granitos v.Intercontinental Marble Granite Enterprises, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 360749 CT Page 6814 (October 25, 1991, Wagner, J.) (6 C.S.C.R. 1038, 1039) ("[A] stipulated judgment may be set aside if an actual absence of consent can be shown."). The Supreme Court has held that "a judgment rendered by the court upon the consent of the parties . . . can subsequently be opened . . . if it is shown that the stipulation, and hence the judgment, was obtained by fraud, in the actual absence of consent, or because of mutual mistake." (Internal quotation marks omitted.) Celanese Fiber v. PLCYarns, Inc., 184 Conn. 461, 466, 440 A.2d 159 (1981).
The cases cited by the defendant in his initial memorandum concern the enforcement of agreements reached between the parties, not the determination of whether the parties reached an agreement at all. See, e.g.,Garofalo v. Yankee Linen Supply Co., Superior Court, judicial district of Litchfield, Docket No. 072762 (January 26, 2000, Sheedy, J.) ("An agreement to settle a lawsuit is binding upon the parties."); Morrisseyv. Joubert, Superior Court, judicial district of New Haven at New Haven, Docket No. 367668 (March 24, 1999, Silbert, J.) ("Once reached, a settlement agreement cannot be repudiated by either party."); Zauner v.Brewer, Superior Court, judicial district of Litchfield, Docket No. 049135 (August 11, 1992, Gill, J.) (7 C.S.C.R. 1034) ("[A]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties."); see also Tolland Enterprises v. Scan-Code, Inc., 239 Conn. 326,334, 684 A.2d 1150 (1996) (describing the effect of an accord between the parties); Audubon Parking Associates Ltd. Partnership v. Barclay Stubbs, Inc., 225 Conn. 804, 626 A.2d 729 (1993) (same). Here, the parties dispute whether an agreement to settle based on a meeting of minds was reached at all; the cases cited by the defendant involve a change of mind or change of heart and are not, therefore, dispositive of the current motion.
In his reply memorandum, the defendant relies on federal case law for the proposition that "[i]f an attorney has apparent authority to settle a case, and opposing counsel has no reason to doubt that authority, the settlement will be upheld." United States v. International Brotherhood ofTeamsters, Chauffeurs, Warehousemen Helpers of America, AFL-CIO,986 F.2d 15, 19 (2d Cir. 1993). In the cited case, the union argued that its attorney lacked authority, but the court found facts inconsistent with that argument. See id., 20. As part of the agreement, for instance, certain union officers offered to resign, after which three of them did resign. See id. The court concluded that the conduct of union officers "was inconsistent with their current argument that their attorneys lackedactual authority. . . . Were [the court] not so convinced that the officers' attorney had actual authority, [it] would not hesitate to find apparent authority." (Emphasis added.) Id., 20. The court based its decision on actual, not apparent, authority because of facts demonstrating that the union had consented to the agreement. CT Page 6815
The present case is, therefore, more similar to the case of Fennell v.TLB Kent Co., 865 F.2d 498 (2d Cir. 1989) which the defendant also cites in his memorandum in response to the plaintiff's objection. There, the court held that, where the plaintiff's attorney agreed by phone to settle the case for $10,000 without having his client's consent, the agreement would not be enforced because the attorney lacked apparent authority. Id., 501-03. "[T]o create apparent authority, the principal must manifest tothe third party that he `consents to have the act done on his behalf by the person purporting to act for him.'" Id., quoting 1 Restatement (Second), Agency § 27, p. 103 (1958). The plaintiff in Fennell "made no manifestations to defendants' counsel that [the plaintiff's attorney] and his associates were authorized to settle the case. [The plaintiff's] attorneys accordingly had no apparent authority to settle the case for $10,000 without [the plaintiff's] consent." Id., 502.
Similarly, in the present case, there is no evidence that the plaintiff itself made any representation that its counsel was authorized to settle the case.
The defendant also cites a Connecticut case that it claims holds that "previous acts by the principal can create a valid assumption of [apparent] authority." (Defendant's Memorandum in Response, p. 7), citingCole v. Myers, 128 Conn. 223, 227, 21 A.2d 396 (1941). This case states, however, that "[e]ither precedent special authority from the client or subsequent ratification by him is essential in order that a compromise or settlement by an attorney shall be binding on his client." Cole v. Myers,
supra, 128 Conn. 227. The only "previous acts" that can give rise to a grant of authority are, therefore, acts granting precedent specialauthority. See id. The only other acts that can make the agreement binding pursuant to the rule of Cole are subsequent acts that ratify the attorney's act of signing the agreement. See id. Here, there is no evidence that the plaintiff granted previous special authority or that the plaintiff ratified the stipulation.
The defendant additionally misinterprets Lettieri v. American SavingsBank, 182 Conn. 1, 8, 437 A.2d 882 (1980), to hold that "[a]llowing one's counsel to act as if she had the authority to sign a binding Stipulation of Judgment must also create liability for the principal, where the other party inferred in good faith that the agreement was binding." (Defendant's Memorandum in Response, p. 7.) Lettieri deals not with a client granting authority to an attorney, but with a corporation granting authority to its president. See Lettieri v. American Savings Bank, supra,182 Conn. 8. Furthermore, the case holds that an element essential to the establishment of apparent authority is a principal's holding out of its agent as possessing authority. See id. The reasonable understanding of CT Page 6816 authorization by the third party is, therefore, only part of the test of whether the plaintiff's attorney had apparent authority. The full test is not satisfied by the facts of this case because none of the affidavits aver that the plaintiff held its attorney out as having authority to settle the case. In support of a claim of apparent authority, the defendant asserts that "counsel for the Defendant and Plaintiff have created many such agreements on behalf of their respective clients in summary process actions, and never before has an agreement signed by Plaintiff's counsel on behalf of a client been challenged as lacking authority." P. 2 That general assertion, however, does not include this client in light of the evidence that this summary process action was only the second for Plaintiff Windsor Housing Authority during the three and a half year period that Mr. Corbett was its executive director and in light of the lack of evidence that the other action had even been settled.
Because the plaintiff's attorney acted without the actual or apparent authorization of her client, the Defendant's Motion to Enforce Stipulation of Judgement Agreement is denied.
TANZER, J.