STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-12-297
TDW-CUM-8/29/2013

2301 CONGRESS REALTY LLC,

Plaintiff

v.

ORDER

WISE BUSINESS FORMS, INC.,

Defendant

Before the court are cross motions for summary judgment with respect to the dispute that has arisen between the parties in connection with the settlement of the underlying action.

Although the parties dispute their significance and interpretation, the basic facts are undisputed. The parties attended a mediation before Jerrol Crouter, Esq. on November 1, 2012. The negotiations at the mediation focused on the issues involved in the pending litigation – the amount that defendant Wise Business Forms Inc. would pay to plaintiff 2301 Congress Realty LLC on account of alleged damage to certain premises that Wise had leased from 2301 and whether Wise would pay for or return three humidifiers that 2301 contended were fixtures in the building. Crouter Aff. ¶ 8.

The parties reached agreement on those issues. In discussions with the mediator, Charles Teets of Wise insisted on a general mutual release of all claims of any kind or nature, whether known or unknown. Crouter Aff. ¶ 13.

The parties contemplated that final settlement documents would be subsequently prepared by counsel, but Crouter drafted a written summary of the settlement agreement which set forth the basic terms. That documents provided that

Wise would place the three disputed humidifiers on pallets for 2301 to pick up and that Wise would pay 2301 $48,000. On the subject of the release, the summary provided as follows:

> The final settlement documents will include a general mutual release of all claims of any kind or nature, whether known or unknown.

Ex A to November 12, 2012 Teets Aff.

Both Willis, on behalf of 2301, and Teets, on behalf of Wise, signed the written summary.[1]

Thereafter the parties reported that the case had settled. However, when the parties began exchanging drafts of the final settlement agreement, a dispute arose between the parties with respect to the release. Specifically, 2301 argued that it had not agreed to release possible future claims for indemnity that might arise under paragraph 22 of the lease, a provision that addresses hazardous materials. It also pointed out that the summary of the settlement that had been signed by the parties contemplated that the parties would draft and agree on a final settlement agreement. For its part, Wise argued that the release language set forth in the summary signed by the parties was clear and all-encompassing and did not permit 2301 to reserve its rights with respect to possible future indemnity claims under paragraph 22.

On December 10, 2012 the court granted Wise's motion to amend its counterclaim to add a claim for enforcement of the settlement agreement. Wise subsequently moved for summary judgment on that claim.

---

[1] After the summary of the settlement agreement had been signed, Crouter and counsel for Wise spoke with Willis and told him that Wise also did not want claims by any affiliates of 2301 to be brought at some future tome, and Willis agreed to the inclusion of affiliates within the coverage of the release. Crouter Aff. ¶ 17.

2

After that motion had been filed, 2301 offered Wise a signed settlement agreement with a release that tracked the language contained in Crouter's November 1, 2012 summary of the settlement agreement – that the parties mutually release all claims of any kind or nature, whether known or unknown. See 2301's Statement of Additional Material Facts dated May 13, 2013 ¶¶ 21-22. Wise does not dispute that 2301 has now signed the release language sought by Wise. Reply Statement of Material Facts dated May 29, 2013 ¶¶ 21-15. However, Wise argues that the case is not moot because counsel for 2301, in an email exchange, has stated that although it has signed the release, 2301 does not agree that the release covers indemnification claims under paragraph 22 of the lease. Id.

At this point the positions of the parties are as follows: Wise contends that it is entitled to enforcement of the settlement agreement, presumably along with a judicial declaration that the release covers indemnification claims as well as the disputes that led to this litigation. 2301 contends that the court should find that the dispute over the settlement agreement is now moot. In the alternative, if the court does not find that the dispute is moot, 2301 contends that the court should find either that indemnification claims were not released or that there was no meeting of the minds and the settlement is therefore not enforceable.

Because 2301 has now provided a release that tracks the language of the mediator's summary and contains the language that Wise formerly was demanding, the court concludes that the residual dispute between the parties is not justiciable. There are no claims for indemnity pending or contemplated, and Charles Teets has filed an

3

affidavit in which he states under oath that he is not aware of any claims that might trigger a claim for indemnification under paragraph 22 of the lease.[2]

Under these circumstances, if the court were to address whether some hypothetical future indemnification claim would be covered by the release, it would be issuing an advisory opinion. Maine courts are not authorized to issue advisory opinions except in very limited circumstances not presented here. See, e.g., Connors v. International Harvester Credit Corp., 447 A.2d 822, 824 (Me. 1982).

Adjudicating abstract issues as to the breadth of the release is particularly inappropriate because no indemnification claim may ever arise. In the event an indemnification claim does arise, questions as to the application of the release to that claim – including but not limited to whether the claim in question would qualify as a known or unknown claim at the time of the release or whether it would qualify as a future claim which was not in existence as of November 1, 2012 and therefore might not be covered by the release[3] – can only be decided in the context of a concrete fact situation.

The entry shall be:

Defendant's motion for summary judgment enforcing the settlement is denied as moot. To the extent that plaintiff's cross-motion seeks an order directing defendant to pay $ 48,000 to plaintiff and to allow plaintiff to pick up the three humidifiers, plaintiff's motion for summary judgment is granted.

To the extent that either party is seeking any further relief with respect to the interpretation or effect of the settlement agreement or release, their motions are denied because those issues present a hypothetical and non-justiciable dispute at this time.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[2] Supplemental Teets Aff. sworn to May 29, 2013 ¶ 3.
[3] Cf. Soucy v. Sullivan & Merritt, 1999 ME 1 ¶ 7, 722 A.2d 361.

4

Dated: August 29, 2013

_____
Thomas D. Warren
Justice, Superior Court

5

-------------------------------------------------------------------------

| 01 0000003633 | RIGGLE, JENNIFER S | | | |
|---|---|---|---|---|
| 43 DEERING STREET PORTLAND ME 04101 | | | | |
| F    2301 CONGRESS REALTY LLC | | PL | RTND | 07/03/2012 |

| 02 0000008381 | JONES, BLAIR A | | | |
|---|---|---|---|---|
| 43 DEERING STREET PORTLAND ME 04101 | | | | |
| F    2301 CONGRESS REALTY LLC | | PL | RTND | 07/03/2012 |

| 03 0000008401 | RIELLY, BRENDAN | | | |
|---|---|---|---|---|
| 10 FREE STREET PO BOX 4510 PORTLAND ME 04112 | | | | |
| F    WISE BUSINESS FORMS INC | | DEF | RTND | 07/18/2012 |