## SUTHERLAND PAPER CO. et al. v. MICHIGAN CARTON CO.

(District Court, E. D. Michigan, S. D. September 20, 1926.)

No. 857.

1. Appeal and error ⊂⇒449—Appeal from interlocutory decree in infringement suit does not deprive trial court of jurisdiction to permit amendment to allege disclaimer (Jud. Code, § 129 [Comp. St. § 1121]).

An appeal from an interlocutory decree, granting an injunction in an infringement suit, transfers from the trial court jurisdiction only over such matters as are involved in the appeal, and does not prevent it from granting leave to amend to allege filing of disclaimer, under Judicial Code, § 129, as amended by Act Feb. 13, 1925, c. 229, § 1 (Comp. St. § 1121).

2. Patents ⊂⇒155—Disclaimer narrowing claim held void for anticipation cannot render defendant chargeable with infringement by reason of acts done before claim was so changed.

A disclaimer narrowing a claim, filed after decision holding the claim void for anticipation, cannot give complainant the right to charge defendant with infringement by reason of acts done before the claim was so changed.

In Equity. Suit by the Sutherland Paper Company and another against the Michigan Carton Company. On petition of complainants for leave to amend bill and for rehearing on amended bill. Denied.

Otis A. Earl, of Kalamazoo, Mich., and Dwight B. Cheever, of Chicago, Ill., for plaintiffs.

George A. Rockwell, of Boston, Mass., for defendant.

TUTTLE, District Judge. Since the filing of the opinion and decree of this court in this cause (13 F.[2d] 884), the plaintiffs have filed a petition for leave to amend their bill of complaint and for a rehearing on such bill as so amended.

The bill alleged infringement, by the defendant, of two patents of the plaintiffs relating to the sealing of waxed cartons. This court held that claim 12 of patent No. 1,359,-546 was valid and infringed, and from that portion of the decree the defendant had perfected its appeal to the Circuit Court of Appeals before the filing of the petition now under consideration. This court also held that claim 13 of patent No. 1,316,120 was invalid as being too broad, but from that portion of the decree no appeal has been taken. In the said petition the plaintiffs allege that they have filed in the Patent Office a disclaimer as to said claim 13, a copy of which is attached to said petition, and they seek to amend their bill by showing the filing of said disclaimer and pray "that a rehearing may be granted for the consideration of claim 13 of the patent in suit No. 1,316,120 as modified or restricted by the aforesaid disclaimer." It appears that the disclaimer was filed after the entry of the opinion of this court holding said claim 13 void. The petition is vigorously opposed by the defendant.

[1] It is objected by the defendant that the effect of its appeal from the said decree was to deprive this court of jurisdiction to grant the relief thus sought by plaintiffs. This contention cannot be sustained. The decree in question was not final, but interlocutory (American Foundry Equipment Co. v. Wadsworth, 290 F. 195 [C. C. A. 6]), and the appeal therefrom transferred from this court only jurisdiction over such matters as were in-

volved in such appeal. Foote v. Parsons Non-Skid Co., Limited, 196 F. 951, 118 C. C. A. 105 (C. C. A. 6); Davis-Bournonville Co. v. Alexander Milburn Co., 1 F.(2d) 227 (C. C. A. 2). The right to appeal from such an interlocutory decree is derived solely from section 129 of the Judicial Code, as amended by Act Feb. 13, 1925, c. 229, § 1 (Comp. St. § 1121), and rests upon the ground that by said decree an injunction was granted against the defendant. Said section provides that such an appeal must be applied for within thirty days from the entry of such decree, and shall take precedence in the appellate court, and that "the proceedings in other respects in the district court shall not be stayed during the pendency of such appeal unless otherwise ordered by the court, or the appellate court, or a judge thereof." No such stay has been granted in this cause. It is clear that this court has jurisdiction to consider this petition. It is equally clear, and indeed elementary, that such a petition is addressed to the sound discretion of the court.

[2] Claim 13 of the patent here involved reads as follows:

"The method of sealing waxed cartons consisting of heating the surfaces to be glued together, removing a substantial portion of the wax, applying glue thereto, and pressing such surfaces together."

The disclaimer now sought to be introduced into this case contains the usual preliminary recitals and proceeds as follows:

"Your petitioners, therefore, hereby enter this disclaimer to so much of claim 13 of said patent as is in excess of the following:

"The method of sealing waxed cartons consisting of heating the surfaces to be glued together by direct application of the heating medium to the whole of each of said surfaces to be glued, removing a substantial portion of the wax from the heated surfaces, applying glue thereto, and pressing such surfaces together.

"The term 'medium' as just used is in its broad sense as given in the Century Dictionary as:

" 'Anything which serves or acts intermediately; something by means of which an action is performed or an effect produced; an intervening agency or instrumentality.' "

It is obvious that the effect, if not the purpose, of this disclaimer is to materially and substantially change the language and meaning of the claim in question. Assuming (without deciding), for the purposes of this petition, that the plaintiffs are entitled to so enlarge their rights under this patent by filing in the Patent Office such a disclaimer instead of by surrendering said patent and obtaining a reissue thereof, it is plain that it would be inequitable for this court to hold the defendant guilty of infringing this claim in its changed form by reason of acts committed before such claim had been so changed, especially after such acts had been held to be noninfringing. Kellogg Switchboard & Supply Co. v. Dean Electric Co., 257 F. 425, 168 C. C. A. 465 (C. C. A. 6); Enameled Metals Co. v. Western Conduit Co., 269 F. 620 (C. C. A. 6).

After careful examination and consideration of the briefs submitted by the parties and of all of the facts and circumstances involved, I reach the conclusion that the petition should be denied, and an order to that effect will be entered.