**James REESE, Appellant,**

v.

**Harley O. TEETS, Warden of the California State Prison at San Quentin, Appellee.**

**No. 15524.**

United States Court of Appeals Ninth Circuit.

Sept. 17, 1957.

Al Zirpoli, San Francisco, Cal., James Reese, San Quentin, Cal., in pro. per., for appellant.

Edmund G. Brown, Atty. Gen., Clarence A. Linn, Arlo E. Smith, Deputy Attys. Gen., for appellee.

Before DENMAN, BARNES and HAMLEY, Circuit Judges.

DENMAN, Circuit Judge.

Reese appeals from the denial by the district court on February 14, 1957, of his application for a writ of habeas corpus filed on February 14, 1957, seeking his release from the custody of the Warden of the California State Penitentiary at San Quentin and from the denial of his motion for the stay of his execution set for the next day, February 15, 1957.[1]

Reese's brief states that the jury adjudged him guilty on "seven counts for the murder of Georgia Barrett, on December 26, 1955, and of Elizabeth Simpson on December 28, 1955, assault with intent to murder Betty Luke on December 26, 1955, burglary of Luke's apartment, Barrett's apartment and Simpson's apartment, and the rape of Elizabeth Simpson on December 28, 1955." and made no recommendation for the

---

1. Reese conducted his case propria persona in the district court and here until his appeal was at issue on the briefs and until two days before the hearing when at the request of the Clerk, Attorney A. J. Zirpoli undertook and ably represented him.

penalty for the murders. The court sentenced him to be executed. After the affirmance of the California Superior Court's judgment that court fixed the date of execution for February 15, 1957.

The district court recognized that Reese in his application failed to allege, in compliance with the requirement of 28 U.S.C. § 2254, that he had exhausted his state remedies, but took judicial notice of his denied petition to the California Supreme Court for a writ of habeas corpus and of the pendency on February 14, 1957, of his undecided petition for certiorari in the Supreme Court. Reese v. People of State of Cal., 352 U.S. 1030, 77 S.Ct. 597, 1 L.Ed.2d 600. Nevertheless, though his state remedies were not exhausted, but because Reese's execution was set for the next day, the district court assumed jurisdiction of the case, considered Reese's application for the writ, adjudged it without merit and denied it and also denied his petition for the stay of his execution on the next morning.

That afternoon Reese filed his petition for a certificate of probable cause and on the following morning the writer of this opinion, then chief judge, concluded there was a justiciable question and gave the certificate. He at the same time ordered the execution stayed for 30 days. Thereafter this court ordered a stay until 15 days after the decision of the instant appeal.

The warden contends that the district court was without jurisdiction and its judgment is void because of Reese's failure to comply with the requirements of 28 U.S.C. § 2254. That section provides:

"State custody; remedies in State courts.

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

Clearly here the pendency of the petition for certiorari shows the state remedies had not been exhausted on February 14, 1957 when an application for the writ was filed and the district court's judgment was entered. Darr v. Burford, 1949, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Darcy v. Heinze, 9 Cir., 194 F.2d 664.

With regard to staying the execution of the California Supreme Court's judgment rendered against him Reese was entitled, after the denial on January 11, 1957, by that court of his petition for the writ of habeas corpus, to seek from any justice of that court a stay pending the consideration of his petition for certiorari, 28 U.S.C. § 2101(f) providing:

"In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court * * *."

Instead of seeking a stay from one of these state justices, which he was entitled to seek after January 1 'h, he sought one from United States Supreme Court Justice William Douglas on January 21, 1957, which was denied on February 4, 1957. Thereafter he sought no stay from a California justice but sought it only from the United States District Court.

The United States District Court has no power to stay the execution of judgment of a state court save as an incident to the exercise of its jurisdiction in habeas corpus. As stated in Covell v. Heyman, 111 U.S. 176, at page 182, 4 S.Ct. 355, at page 358, 28 L.Ed. 390:

"The forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States, it is something more. It is a principle of right and of law, and therefore of necessity."

Since the district court lacked jurisdiction to entertain Reese's application for the writ or the petition for a stay of execution, our order staying execution is set aside, the district court's judgment is reversed and the case remanded to the district court and that court ordered to dismiss his application.