**Elijah JACKSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Cr. No. 20296.**

United States District Court
E. D. Pennsylvania.

Aug. 21, 1963.

Isaac S. Garb, Asst. U. S. Atty., for respondent.

VAN DUSEN, District Judge.

This Motion is before the court in connection with petitioner's Motion (Document 74) pursuant to 28 U.S.C.A. § 2255 to vacate judgment of conviction. It appears that petitioner is indigent (see affidavit attached to Document No. 74) and he has been granted leave to proceed in forma pauperis (see page 8(a) of Document 74).

However, examination of the controlling authorities shows that petitioner is not entitled, as a matter of right, to court-appointed counsel. United States v. Keller, 284 F.2d 800 (3rd Cir., 1960), citing Clatterbuck v. United States, 105 U.S.App.D.C. 295, 266 F.2d 893 (1959), and Vinson v. United States, 235 F.2d 120 (6th Cir., 1956); Green v. United States, 158 F.Supp. 804, 807 (D.Mass.1958), aff'd. 256 F.2d 483 (1st Cir., 1958), cert. den. 358 U.S. 854, 79 S.Ct. 83, 3 L.Ed.2d 87 (1958).[1] Petitioner's Motion and memorandum raise only one point, and that is a question of

---

1. In Sanders v. United States, 373 U.S. 1, at pp. 21 and 22, 83 S.Ct. 1068, at pp. 1080 and 1081, 10 L.Ed.2d 148 (1963), the court used this language in a proceeding under 28 U.S.C.A. § 2255:

"However, we think it clear that the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing. In this connection, the sentencing court might find it useful to ap-

point counsel to represent the applicant.

\*      \*      \*      \*      \*

"He is free to adopt any appropriate means for inquiry into the legality of the prisoner's detention in order to ascertain all possible grounds upon which the prisoner might claim to be entitled to relief."

Another recent Supreme Court opinion dealing with right to counsel is Douglas v. People of the State of California,

law: namely, was the indictment fatally defective because it did not name the purchaser of the narcotics it charged Jackson with selling. It is noted that petitioner had counsel of his own choosing at all proceedings in this court, including trial and sentencing. This court also appointed counsel to aid Jackson in his appeal to the United States Court of Appeals for the Third Circuit. The cases cited above make it clear that Jackson has no right to court-appointed counsel in connection with this Motion under 28 U.S.C.A. § 2255

■ The language of 28 U.S.C.A. § 1915 leaves appointment of counsel to the discretion of the court in each particular case. Since no issues of fact are raised by this Motion, there will be no need to take further testimony and, therefore, no need for the aid of experienced trial counsel. Cf. Jones v. United States, 290 F.2d 216 (10th Cir., 1961); Cain v. United States, 271 F.2d 337 (8th Cir., 1959). Furthermore, it is noted that, if counsel were appointed, it is the court's fear that he might be subjected to the same criticism which was borne by the exceptionally able and experienced counsel appointed, at petitioner's request, by this court to represent him in the United States Court of Appeals.[2]

Such counsel gave generously of his time and skill without compensation in an effort to help petitioner, who, in his letter of September 1961 (copies of which were sent to the Chief Judge of the United States Court of Appeals for the Third Circuit and to this court), accused such court-appointed counsel of "toying * * with an urgent matter" (page I), stated "If you think I'm going to let you practice on my appeal as you are doing, you are mistaken!" and also said such counsel was "trying to shun and misconstrue the other fundamental constitutional questions I would like to have raised on my appeal" (pp. III–IV). This letter from petitioner, together with a letter from his court-appointed counsel, are attached to this Memorandum Opinion. Petitioner's letter of October 22, 1961, to the trial judge contained this language: "I have asked the appellate court to appoint me another attorney because I am not at all satisfied with the actions of [court-appointed counsel] or the brief he has filed in my behalf." Petitioner had also criticized counsel secured by himself or his family to represent him in the trial court (for example, pp. 14–15, 22, 27–28, 28–31 and 37 of Document 28a)[3] prior to the time he requested the court to appoint counsel in order that

372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (decided the same day as Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)). Neither case involves the right to counsel under the circumstances presented in this proceeding.

2. In this connection, the following language of Judge Thurmond Arnold in Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, at 669–670 (1945), cert. den. 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002 (1945), is pertinent:
"* * * It is well known that the drafting of petitions for habeas corpus has become a game in many penal institutions. Convicts are not subject to the deterrents of prosecution for perjury and contempt of court which affect ordinary litigants. The opportunity to try his former lawyer has its undoubted attraction to a disappointed prisoner. * * *
* * * * *

"He may realize that his allegations will not be believed but the relief from monotony offered by a hearing in court is well worth the trouble of writing them down. To allow a prisoner to try the issue of the effectiveness of his counsel under a liberal definition of that phrase is to give every convict the privilege of opening a Pandora's box of accusations which trial courts near large penal institutions would be compelled to hear. * * *"

3. The petitioner testified as follows on November 2, 1960 (p. 14 of Document 28a):
"I—really, I didn't want Mr. G——— to defend me because he showed that he had no interest in my case any more with the things that he had done previously in these actions trying to get out of defending me."
The following language also appears at the following pages of Document 28a:
"I didn't say nothing no more to Mr. G——— no—one way or another would

such counsel might take an appeal for him.

## ORDER

And now, August 21, 1963, after consideration of the above Motion, it is ordered that petitioner's Motion for Appointment of Counsel is denied.

I disagree or agree with him on anything because he—he really had me twisted pretty bad that day, * * *." (Page 15)

   *     *     *     *     *

"I had hired Mr. L——— or Mr. G——— to protect my rights, not to just pass over them." (Page 22)

   *     *     *     *     *

"Q Mr. Jackson, were you satisfied with Mr. G———'s conduct of the case in the first trial?

A No, I wasn't.

Q Did you tell Mr. G——— about your dissatisfaction after the mistrial was declared?

A Yes, I did." (Page 26)

   *     *     *     *     *

"Q Were all of your—so far as you know, do you believe were all of your rights fully protected by Mr. L———'s conduct of the trial?

A No, no." (Page 37).