**Fred LOWENSCHUSS, Trustee for Fred Lowenschuss Associates Pension Plan, Individually and on behalf of all other persons and shareholders of Great Atlantic & Pacific Tea Co., Inc. who are similarly situated, Plaintiff,**

v.

**W. J. KANE and H. J. Berry, etc., Defendants.**

**No. 73 Civ. 2021.**

United States District Court,
S. D. New York.

April 16, 1974.

———◆———

Abraham E. Freedman, New York City, for plaintiff.

Milton Paulson, New York City, for Rachel C. Carpenter, a Shareholder.

Sullivan & Cromwell, New York City, for defendant Kidder, Peabody & Co., Inc.

Simpson, Thacher & Bartlett, New York City, for defendants C. G. Bluhdorn and Gulf & Western Industries by John A. Guzzetta, New York City, of counsel.

Cahill, Gordon & Reindel, Olwine, Connelly, Chase, O'Donnell, Weyher, New York City, for defendants Officers and Directors of Great Atlantic & Pacific Tea Co., Inc. and Great Atlantic & Pacific Tea Co., Inc. by Denis McInerney, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff has moved under Rule 60(b) of the Federal Rules of Civil Procedure for an order vacating a prior order of this Court which had been entered on November 12, 1973. The sole argument advanced by the plaintiff in support of his motion is that at the time I entered the order of November 12, 1973, I did not have jurisdiction to do so. Plaintiff contends that his appeal from an order filed in this case on September 26, 1973, had divested this Court of jurisdiction.

The defendants Gulf & Western Industries and Charles G. Bluhdorn oppose the vacation of the November 12th order and argue that the "supposed appeal [was] improper and we believe that it may be wholly disregarded, since the paper appealed from is at best a non-final order, if not merely a nullity." Aff. of John Guzzeta ¶ 2 (filed November 30, 1973). The Court of Appeals for the Second Circuit agreed with this contention and on January 8, 1974 granted a motion to dismiss the appeal or, in the alternative, to summarily affirm the order appealed from.

Though the Second Circuit found that the attempted appeal was inappropriate, it did not directly address itself to the question presented by this motion, that is, whether at the time I entered the order of November 12, 1973, I had the jurisdiction to do so.

The general rule is, as plaintiff contends, that the filing of a timely and

sufficient notice of appeal has the effect of immediately transferring jurisdiction from the district court to the court of appeals and divests the district court of authority to proceed further with such matters, except in aid of the appeal. 9 J. Moore, Federal Practice ¶ 203.11, at 734 (2d ed. 1973). However, as Professor Moore states in his treatise, "[t]he rule that the taking of an appeal divests the district court of jurisdiction would seem to presuppose the taking of a *valid appeal from an appealable order.*" Id. at 736 (emphasis added). In this case the Second Circuit has, in effect, already decided that the appeal was *not* a valid appeal from an appealable order. Thus, since the purported appeal was invalid the mere act of filing that appeal did not divest me of jurisdiction. Again quoting Professor Moore:

> "[t]o hold that the mere act of filing of a notice of appeal automatically divests the district court of jurisdiction is to hold that a party can interrupt proceedings in the district court at will. Whenever, then, an attempted appeal is manifestly ineffective to invoke the jurisdiction of the court of appeals, the district court should be free to proceed as though no appeal has been taken, which is the fact." Id. at 738.

See Ruby v. Secretary of United States Navy, 365 F.2d 385, 389 (9th Cir. 1966); Euziere v. United States, 266 F. 2d 88 (10th Cir. 1959), vacated on other grounds, 364 U.S. 282, 80 S.Ct. 1615, 4 L.Ed.2d 1720 (1960); Smith v. Insurance Co. of No. Amer., 213 F.Supp. 675, 680 (M.D.Tenn.1962).

Since I find that the purported appeal from the September 26, 1973 order was "manifestly ineffective", I was never divested of jurisdiction and the order of November 12, 1973 was validly entered. Plaintiff's motion to vacate the November 12 order is therefore denied in all respects.

So ordered.