Samuel WEISMAN, on behalf of himself and all others similarly situated, Plaintiff,

v.

George J. DARNEILLE, F. Arnold Daum, Alex W. Head, John P. Ohl, I. L. Vosko, Beaumont Development Corporation and Webster Securities Limited, Defendants.

No. 77 Civ. 2110 (LFM).

United States District Court, S. D. New York.

July 14, 1978.

Kaufman, Taylor, Kimmel & Miller by Stanley L. Kaufman and Irving Malchman, New York City, Bernstein & Kirby by Roger W. Kirby, New York City, for plaintiff.

Cahill, Gordon & Reindel by Thomas F. Curnin and Thomas J. Kavaler, New York City, for defendants Darneille and Daum.

Hertzog & Calamari by Peter E. Calamari, New York City, for defendant Head.

Bodell & Magovern by Gerald E. Bodell, New York City, for defendant Beaumont Development Corp.

Patterson, Belknap, Webb & Tyler by Thomas C. Morrison, New York City, for defendant Webster Securities Limited.

## OPINION

MacMAHON, District Judge.

Defendants move to dismiss the complaint for lack of jurisdiction over the subject matter. Rule 12(b)(1), Fed.R.Civ.P. Plaintiff moves for an order compelling production of documents. Rules 34 and 37, Fed.R.Civ.P.

This is an action for securities fraud which was brought as a class action, seeking damages for alleged violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 thereunder.[1] On April 19, 1978, we denied plaintiff's motion to certify the action as a class action, holding, *inter alia*, that plaintiff's status as a convicted felon, and his reticence in disclosing this fact to his counsel and his adversaries, demonstrated a lack of "honesty, conscientiousness, and other affirmative personal qualities required of a class representative." *Weisman v. Darneille*, 77 Civ. 2110 (S.D. N.Y. Apr. 19, 1978), opinion at 4. Thereafter, we refused to certify the class certification question for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). See *Weisman v. Darneille*, 77 Civ. 2110 (S.D.N.Y. May 25, 1978). Undaunted, plaintiff, nevertheless, filed a notice of appeal from our order refusing to certify the class, basing appellate jurisdiction upon 28 U.S.C. § 1291.

Subsequently, defendants tendered to plaintiff the full amount of plaintiff's individual damages sought in the complaint. The instant motion to dismiss the complaint followed, defendants contending that the action has been mooted and that we, consequently, lack jurisdiction over the subject matter.

---

1. Claims alleging violations of Section 13 of the Securities Exchange Act of 1934 and of Regulation 13D, 17 C.F.R. §§ 240.13d–1—240.13d–4, were dismissed in a memorandum and order on March 22, 1978. See *Weisman v. Darneille*, 77 Civ. 2110 (S.D.N.Y. Mar. 22, 1978).

Before turning to the merits of defendants' motion, we must examine our jurisdiction. Plaintiff contends that his filing of a notice of appeal from our order denying class certification deprives us of jurisdiction to decide the instant motion.

Generally, the taking of an appeal does indeed deprive the district court of jurisdiction to take any further action in the case, except in aid of the appeal or to correct clerical errors. See, e. g., *East Hampton Dewitt Corp. v. State Farm Mut. Auto. Ins. Co.*, 490 F.2d 1234, 1246 (2d Cir. 1974); *Segal v. Gordon*, 467 F.2d 602, 608 n. 12 (2d Cir. 1972). This rule, however, presupposes the existence of a valid appeal from an appealable order. *Lowenschuss v. Kane*, 392 F.Supp. 59, 60 (S.D.N.Y.1974). Where a notice of appeal refers to an order which is clearly non-appealable, the mere taking of the appeal is insufficient to divest the district court of jurisdiction. In such circumstance, the district court may ignore the notice of appeal and may proceed with the case. See, e. g., *Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340–41 (10th Cir. 1976), cert. denied sub nom. *Arthur Andersen & Co. v. Ohio*, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977).

In the absence of certification under § 1292(b), our order refusing to certify this action as a class action is clearly unappealable. See *Coopers & Lybrand v. Livesay*, — U.S. —, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). Thus, plaintiff's purported appeal in this case does not divest us of jurisdiction to adjudicate the instant motion to dismiss the complaint.[2]

Turning to the merits of the motion, we can only conclude that the instant case

has been mooted. Defendants have chosen not to contest plaintiff's claims and have tendered the full measure of plaintiff's damages. Plaintiff's claim is, therefore, satisfied, and he no longer has a stake in the resolution of the issues raised in the complaint. Thus, no live controversy exists between the parties, and the case is moot. A moot case presents no "case or controversy" cognizable under Article III of the Constitution, and we, therefore, lack jurisdiction over the subject matter.[3] See *Winokur v. Bell Fed. Sav. & Loan Ass'n*, 560 F.2d 271, 276–77 (7th Cir. 1977), cert. denied, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978). See also *Lasky v. Quinlan*, 558 F.2d 1133, 1136–37 (2d Cir. 1977); *Vun Cannon v. Breed*, 565 F.2d 1096, 1099 (9th Cir. 1977).

There is no merit to plaintiff's argument that a dismissal here would undermine the policies behind Rule 23, Fed.R. Civ.P. To be sure, our decision may well obviate review of our refusal to certify the class. See *Winokur v. Bell Fed. Sav. & Loan Ass'n, supra*, 560 F.2d at 276–77, *on rehearing*, 562 F.2d 1034, 1034 & n. * (7th Cir. 1977) (Swygert, J., dissenting from denial of petition for rehearing *en banc*). Nevertheless, a dismissal for mootness does no real damage to the members of the putative class. Any putative class member may now institute an action, on his own behalf or on behalf of a class, seeking recovery for the same transactions and occurrences sued upon here. The availability of such an action is certainly sufficient to protect the interests of the absent putative class members, and we find nothing in Rule 23 which demands more than this.

---

**2.** Subsequent to the drafting of this opinion, we were informed by counsel for plaintiff that, in light of *Livesay*, plaintiff intended to consent to defendants' motion to dismiss the appeal. Such consent by plaintiff in no way alters our decision here, since, at the moment, the appeal remains pending in the Court of Appeals.

**3.** We do not understand plaintiff to argue that he cannot be "forced" to accept "involuntarily" the tender of damages. However, to the extent plaintiff challenges the propriety and the efficacy of such practice, his challenge is without

merit. Whether or not plaintiff "accepts" a tender of damages, the case becomes moot upon tender. At that point, full-blown litigation would yield no recovery greater than that voluntarily offered by defendants, and a live controversy no longer exists between the parties. The authorities cited by plaintiff are not to the contrary. See *Williams v. Sinclair*, 529 F.2d 1383 (9th Cir.), cert. denied, 426 U.S. 936, 96 S.Ct. 2651, 49 L.Ed.2d 388 (1976); *Cameron v. E. M. Adams & Co.*, 547 F.2d 473 (9th Cir. 1976).

Accordingly, defendants' motion to dismiss the complaint is granted. In view of this disposition, plaintiff's motion for an order compelling production of documents is denied as moot.

Settle judgment within ten (10) days.