**Stephen Todd BOOKER, Petitioner,**

v.

**Louie L. WAINWRIGHT, Secretary, Florida Department of Corrections, Respondent.**

No. 82–5468.

United States Court of Appeals, Eleventh Circuit.

April 20, 1982.

Richard H. Burr, III, Nashville, Tenn., Stephen Bernstein, Gainesville, Fla., for petitioner.

Jim Smith, Atty. Gen., State of Fla., Raymond Marky, Asst. Atty. Gen., Tallahassee, Fla., for respondent.

Before HILL, FAY and VANCE, Circuit Judges.

### ORDER GRANTING STAY

The above matter is pending before this court on petitioner's application for a stay of his execution and a certificate of probable cause to appeal. This application was filed in the clerk's office of this court in Atlanta, Georgia, during the late afternoon of yesterday, April 19, 1982. Petitioner's execution is scheduled, pursuant to the warrant of the Governor of the State of Florida issued March 21, 1982. That warrant provided for petitioner's execution at any time from Friday, April 16, 1982 through noon Friday, April 23, 1982. The superintendent of the Florida State Prison, pursuant to that warrant, has set 7:00 a. m., tomorrow, April 21, 1982, as the time and date for the execution.

A brief history of the proceedings leading up to this petition for stay is not inappropriate.

The petitioner was charged with the capital offense of murder on account of an incident which took place on November 9, 1977. In that incident, it has been found by the courts of the State of Florida, at trial and on appeal, that petitioner feloniously

---

entered the home of a 90-year-old woman bent upon burglary. The owner returned, whereupon the petitioner attacked this 90-year-old woman sexually and by repeatedly stabbing her, produced her death, leaving her with a butcher knife impaling her throat and another knife imbedded in her chest where there were several other stab wounds.

On June 21, 1978, after a full jury trial, petitioner was found guilty and, on October 20, 1978, after a sentencing hearing, petitioner was sentenced to capital punishment.

Thereafter, upon appeal, the conviction and sentencing were affirmed by the Supreme Court of Florida on March 19, 1981. Thereupon the petitioner applied to the United States Supreme Court for writ of certiorari which was, after consideration, denied on October 19, 1981.

Petitioner has been in custody and under this final sentence ever since. It therefore appears that petitioner had standing during all of this time to make any collateral attack upon his conviction or sentence that he desired.

On March 21, 1982, the Governor of the State of Florida issued the warrant referred to above. Petitioner took no action in the federal court system until April 14, 1982, 48 hours before the commencement of the period set for his execution and one week before the date selected by the superintendent for that procedure. On the said date, April 14, the petitioner caused to be filed a lengthy application for the writ of habeas corpus in the United States District Court for the Northern District of Florida and the same was assigned to United States District Judge Lynn Higby. Upon consideration, the District Judge did on April 19, 1982 announce from the bench that the petition was denied with an order to follow. Coincident with the denial of the petition for habeas corpus, the district court denied a stay of petitioner's execution. In the limited time available to this court to examine the procedure, it is unclear whether or not the district judge granted or denied petitioner's application for a certificate of probable cause to appeal, there being in the

papers furnished to us what appears to be an order granting same and another order of denial, both dated April 19, 1982. Petitioner alleges that the certificate of probable cause was denied.

Thus it is that, some four and one-half years after the crime more than three years after the conviction, more than a year after the termination of state appellate procedures and six months after denial of review by the United States Supreme Court, on the late afternoon of the day before the eve of scheduled execution, this court receives a petition alleging some five claims of constitutional deprivation requiring 13 pages merely for their assertion accompanied by a 22 page memorandum brief, and, during the hours that have followed, has received a 12 page response from the State of Florida and a file containing records and other important papers which, together, make a stack more than one foot in thickness and obviously numbers in the thousands of pages.

One issue raised in this petition appears to be at least remarkably similar to an issue recently before this court upon which an opinion and judgment has been filed but the mandate not yet issued. Other issues suggested in this petition require the independent painstaking analyses of the judges of this court at least equal to that accorded by Judge Higby. The duty of this court is manifest. If the petitioner is entitled to the issuance of the writ of habeas corpus, it should be ordered; if he is not, it should be denied. The procedures which thrust this duty upon the court at, figuratively, long after the eleventh hour, appear to be authorized under the law as it now stands. Counsel for the petitioner may be subject to criticism for having run the risk that some unforeseen circumstance might have prevented the communication of this late petition to the court before his client's execution. The petitioner's life has depended upon the absence of human error. On the other hand, given the role of advocate, it must be observed that the procedure followed is likely to produce a stay of execution merely because conscientious judges

are to be expected to require at least a few days' time for the consideration of so important a matter.

However the procedure may be viewed, it has produced the result sought. In order that this court can perform the function assigned to it, a stay of the execution must be ordered and it is so ordered. Obviously this order is not an adjudication of the merits of the case. Upon a consideration of the petition, and if needed in view of the confused record referred to above, this court grants the petition for a certificate of probable cause to appeal from the denial of his application for writ of habeas corpus.

The history of this case, succinctly and incompletely summarized above, is not unlike others which have been reviewed by this court. The procedures employed are authorized by the law now made and provided for such cases. If they be satisfactory to the people, they should remain in place. If not, the people's representatives can be expected to provide for the protection of constitutional rights pursuant to other procedures.