**Harold Raymond HOOKS, et al., Plaintiffs,**

**Michael E. Provence, et al., Plaintiffs-Intervenors,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Corrections, Defendant.**

**Nos. 71–144–Civ–J–S, 71–1011–Civ–J–S.**

United States District Court, M. D. Florida, Jacksonville Division.

June 7, 1982.

other right or remedy provided by the general laws of Puerto Rico.

Steven M. Goldstein, Jacksonville, Fla., Bruce Rogow, Fort Lauderdale, Fla., for Timothy Charles Palmes.

Sydney H. McKenzie, III, Tallahassee, Fla., for defendant.

Richard A. Belz, Thomas A. Daniel, Gainesville, Fla., for plaintiffs-intervenors.

Charles H. Livingston, Sarasota, Fla., for plaintiffs.

David J. W. Vanderhoof, Washington, D. C., for Dept. of Justice.

Professor Leslie Harold Levinson, Nashville, Tenn., Thomas McAiley, Miami, Fla., for amicus curiae.

## ORDER

CHARLES R. SCOTT, Senior District Judge.

This matter is before the Court upon the motion of Timothy Charles Palmes for stay of his execution set for June 15, 1982, and for other emergency relief. Palmes filed the motion in his capacity as a member of the plaintiff class in the above-styled cause. Because the Court has determined that it lacks subject matter jurisdiction to render the sought-after relief, the motion will be denied.

In 1977, Palmes was convicted of murdering James N. Stone and received a sentence of death. On March 5, 1981, the Florida Supreme Court upheld his sentence and on October 5, 1981, the United States Supreme Court denied his petition for certiorari. On May 18, 1982, Florida Governor Bob Graham signed a death warrant, directing the Superintendent of Florida State Prison to set an execution date for Palmes between June 14 and June 21, 1982. The execution has been set for June 15 at 7:00 o'clock A.M.

In filing the instant motion, Palmes, through his attorneys,[1] relies upon the order and opinion entered in this cause on April 14, 1982. In that opinion, the Court held that, under the factual record developed in this cause throughout more than 11 years of litigation, any suitable plan for providing Florida's prisoners with access to the courts must incorporate the assistance of counsel, in some form. The Court found that due to the inability of most inmates to obtain physical access to an adequate law library and, more importantly, the high level of illiteracy among Florida's 21,575 prisoners, the assistance of counsel is a necessary ingredient of Florida's attempt to comply with the mandate of *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), that prisoners be afforded "meaningful access" to the courts. The Court declined, however, to formulate the details of any such attorney-assistance plan, leaving that task to the parties. Moreover, the Court stayed all further proceedings in this cause, pending an opportunity for the defendant to appeal the decision. On April 20, 1982, just six days after entry of the Court's decision, the defendant filed his notice of appeal.

Palmes has interpreted the Court's decision as entitling him to appointed counsel to assist him in pursuing both state proceedings under Fla.R.Crim.P. 3.850 and federal habeas corpus proceedings under 28 U.S.C. § 2254. Accordingly, he seeks an order staying his execution indefinitely and requiring the state of Florida to provide him with competent counsel to enable him to collaterally attack his conviction and death sentence.

Accompanying his motion is a well-orchestrated array of affidavits intended to show that all efforts to secure counsel to represent him have been unsuccessful. The affidavits include veiled pleas for judicial assistance on behalf of various organizations devoted to representing defendants convicted of capital crimes. The content of these affidavits reflects a broader purpose than merely securing the assistance of counsel for Timothy Palmes. They are replete with general information as to the burgeoning number of capital cases and the inability of the organizations to obtain adequate funds to cover even the expenses of volunteer attorneys.

The motion and attached affidavits are well-intentioned but, unfortunately, misdirected. Neither this Court nor this case is the proper avenue to pursue in seeking to obtain a stay of execution or appointment of counsel on behalf of Timothy Palmes. The power to stay execution of a state court judgment is statutorily prescribed. Title 28 U.S.C. § 2251 authorizes a federal judge to stay a proceeding against any person detained pursuant to a state court judgment, but only in connection with a habeas corpus proceeding.

In *Reese v. Teets*, 248 F.2d 147 (9th Cir. 1957), the United States Court of Appeals for the Ninth Circuit held that a federal court lacks the power to stay execution of a state court judgment except as an incident to its habeas corpus jurisdiction. 248 F.2d at 149. In *Reese*, the district court denied a state prisoner's application for writ of habeas corpus and motion for stay of execution on the ground that he had failed to exhaust his state remedies as required by 28 U.S.C. § 2254. On appeal, the Ninth Circuit initially granted the stay of execution for a period of 30 days, pending an opportunity for review. In its opinion, the court concluded that there was no proper habeas corpus jurisdiction due to petitioner's failure to exhaust his state remedies. Consequently, the court vacated the stay, stating:

*The United States District Court has no power to stay the execution of judgment of a state court save as an incident to the exercise of its jurisdiction in habeas corpus.* As stated *Covell v. Heyman*, 111 U.S. 176, at page 182, 4 S.Ct. 355, at page 358, 28 L.Ed. 390:

---

1. It is certainly somewhat incongruous that a person claiming he is unable to obtain the assistance of counsel is currently represented by at least two able attorneys. This lends credence to the Court's view that the instant motion is aimed at securing broader relief than simply attorney-assistance on behalf of Timothy Palmes. See text *infra*.

"The forebearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States, it is something more. It is a principle of right and of law, and therefore of necessity." *Since the district court lacked jurisdiction to entertain Reese's application for the writ or the petition for a stay of execution, our order staying execution is set aside,* the district court's judgment is reversed and the case remanded to the district court and that court ordered to dismiss his application.

248 F.2d at 149 (emphasis added).

■ Of course, the law in this circuit is that exhaustion of state remedies in a Section 2254 proceeding is not a jurisdictional requirement, but rather a matter of federalism and comity. *Morgan v. Wainwright,* 676 F.2d 476 at 477 n. 1 (11th Cir. 1982); *Hopkins v. Jarvis,* 648 F.2d 981, 983 n. 2 (5th Cir. 1981). Nevertheless, the principle enunciated in *Reese* remains applicable, that is, that federal judicial authority to stay execution of a sentence imposed in a state criminal proceeding is limited to cases in which the court's habeas corpus jurisdiction has been properly invoked. Such authority is granted by the express terms of 28 U.S.C. § 2251 and implicitly through the language of 28 U.S.C. § 2243 which provides that federal courts sitting in habeas corpus are empowered to "dispose of the matter as law and justice require." *Bates v. Estelle,* 483 F.Supp. 224, 227 (S.D.Tex. 1980).

It is particularly important during these times of growing friction and disagreement concerning the proper working relationship between the state and federal courts that federal judicial authority to interfere with execution of a state court judgment operate only through its prescribed mechanisms, i.e., habeas corpus proceedings. This is not to say that federal courts should be unduly hesitant to exercise the authority granted to them by the Constitution and by Congress to review state court criminal proceedings, but only that such authority should be exercised through the appropriate legal procedures. Habeas corpus is the channel Palmes should be following, for it is the only legal remedy that potentially offers the primary relief which he is seeking, i.e., stay of his execution.[2]

■ Even assuming, however, for the sake of argument that the instant proceeding is legally proper and that the Court has the authority to grant relief of the type requested by Palmes, the Court's decision to certify the order of April 14, 1982 for immediate appeal under 28 U.S.C. § 1292(b) and the defendant's decision to take advantage of that certification by appealing from the order operated to divest the Court of jurisdiction over the issues involved in the appeal. *Weisman v. Darneille,* 79 F.R.D. 389, 391 (S.D.N.Y.1978); *Macon v. Bailar,* 428 F.Supp. 182, 184 (E.D.Va.1977); *Sutherland Paper Co. v. Michigan Carton Co.,* 14 F.2d 700, 700–701 (E.D.Mich.1926).

In *Weisman v. Darneille, supra,* the district court entered an order denying plaintiff's motion for class certification and the plaintiff appealed. The district court, however, never certified the order as appealable under 28 U.S.C. § 1292(b). In response to plaintiff's contention that his filing of a

2. Proper venue for federal habeas corpus proceedings lies either in the district where the person seeking relief is confined or in the district where the person was convicted. 28 U.S.C. § 2241(d). Case law has refined this rule to prescribe that habeas petitions should be filed not only within the appropriate federal district, but in the proper division within such district, i.e., either the division where the petitioner is confined or the division where he was

convicted. *Mitchell v. Henderson,* 432 F.2d 435, 436 (5th Cir. 1970). This Court has no information as to where Palmes was convicted, but since he is in custody at Florida State Prison he could properly file a habeas corpus petition within the Jacksonville Division of this Court. At such time, he would be able to request appointment of counsel, assuming his present counsel declines to continue to represent him.

notice of appeal deprived the court of jurisdiction to rule upon a motion to dismiss submitted by defendants, the district court stated that:

[g]enerally, the taking of an appeal does indeed deprive the district court of jurisdiction to take any further action in the case, except in aid of the appeal or to correct clerical errors. [citing cases] This rule, however, presupposes the existence of a valid appeal from an appealable order. [citing case] Where a notice of appeal refers to an order which is clearly nonappealable, the mere taking of the appeal is insufficient to divest the district court of jurisdiction. In such circumstance, the district court may ignore the notice of appeal and may proceed with the case. [citing case].

In the absence of certification under § 1292(b), our order refusing to certify this action as a class action is clearly unappealable. [citing case] Thus, plaintiff's purported appeal in this case does not divest us of jurisdiction to adjudicate the instant motion to dismiss the complaint.

79 F.R.D. at 391.

Contrary to the situation in *Weisman*, the order at issue in this case *was* certified for immediate appeal under 28 U.S.C. § 1292(b). It was also appealable as of right under 28 U.S.C. § 1292(a) because it continued in force the preliminary injunction entered by the Court October 6, 1977. Accordingly, the defendant's appeal from the April 14, 1982 order operated to divest this Court of jurisdiction relating to all of the matters contained therein. Since Palmes' motion goes to the very heart of that order, this Court lacks jurisdiction to take any action on it.

■ This order in no way adjudicates the merits of Palmes' claim that he is entitled to the assistance of counsel. To the contrary, while the Court's opinion of April 14, 1982 in no way indicated that prisoners are entitled to individualized appointment of counsel, the opinion is certainly relevant to Palmes' claim. The idea that a person may be executed without the benefit of some form of attorney-assistance to aid him in pursuing the remedies prescribed by law is repugnant to the spirit, if not the letter, of the federal Constitution.

■ It is difficult to discern how a person confined on death row can be afforded meaningful access to the courts without the benefit of some professional legal assistance. Fortunately, at least in the past, there have been adequate numbers of qualified volunteer attorneys to represent capital defendants in post-conviction proceedings. The Court concurs with the observation of Honorable Lynn C. Higby, United States District Judge for the Northern District of Florida, in *Booker v. Wainwright*, 675 F.2d 1150 (11th Cir. 1982), that:

[s]o long as the State of Florida persists in ignoring reality by refusing to provide defendants sentenced to death legal assistance in their collateral litigation, I hope for the sake of our judicial system, our constitutional guarantees, and the rights of the defendants that there will be lawyers of ... [high] caliber to help these defendants.

Nevertheless, it is not for this Court to decide whether or not to appoint counsel to represent Palmes in an as-of-yet unfiled habeas corpus proceeding. Determination of whether counsel should be appointed to represent an indigent in a civil proceeding is a matter within the discretion of the judge presiding over such proceeding. *Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965); *Hatfield v. Bailleaux*, 290 F.2d 632, 635 (9th Cir.), *cert. denied*, 368 U.S. 862, 82 S.Ct. 105, 7 L.Ed.2d 59 (1961); *Jackson v. United States*, 221 F.Supp. 755, 756 (E.D.Pa.1963). The Court trusts that Palmes' present counsel will continue to represent him at least until that stage of the proceedings has been reached.

Accordingly, in light of the foregoing, the motion for emergency relief will be denied.

It is so

ORDERED:

The motion of Timothy Charles Palmes for emergency relief is hereby denied.