**John G. BROWN, Petitioner,**

**v.**

**Daniel VASQUEZ, Warden of San Quentin State Prison, Respondent.**

**No. CV 90–2815 AWT.**

United States District Court, C.D. California.

Sept. 4, 1990.

Donald Etra and Chestopher L. Taylor, Sidley & Austin, Los Angeles, Cal., for petitioner.

John K. Van de Kamp, Atty. Gen. of State of Cal., Richard B. Iglehart, Chief, Asst. Atty. Gen., Jay M. Bloom, Deputy Atty. Gen., and Robert M. Foster, Supervising Deputy Atty. Gen., San Diego, Cal., for respondent.

## MEMORANDUM ORDER ON MOTION TO VACATE STAY OF EXECUTION

TASHIMA, District Judge.

### BACKGROUND AND PROCEDURAL SUMMARY

This is a death penalty "habeas corpus" case. Petitioner was convicted of murder of a peace officer in California state court and was sentenced to death. The conviction and sentence have been affirmed on appeal. *People v. Brown,* 46 Cal.3d 432, 250 Cal.Rptr. 604, 758 P.2d 1135 (1988), *cert. denied,* 489 U.S. 1059, 109 S.Ct. 1329, 103 L.Ed.2d 597 (1989). On March 14, 1990, the California Supreme Court denied petitioner's petition for a writ of habeas corpus. The Orange County Superior Court then set petitioner's execution date for June 8, 1990.

On June 1, 1990, acting *pro se,* petitioner filed a "Request for Appointment of Counsel in Death Sentence Case and For Stay of Execution of Death Sentence." This "Request" was accompanied by petitioner's declaration in which he verifies that he is under imminent sentence of death, that the

attorney who represented him in state court is unavailable to represent him in his federal habeas proceedings and that he cannot afford to retain an attorney. The declaration further states: "I intend to file a petition for writ of habeas corpus in this Court, alleging federal constitutional errors which entitle me to relief from the judgment of death. I need the assistance of counsel in preparing and litigating the petition."

On June 1, the court issued an order staying execution of the sentence for a 45–day period, pursuant to Local Rule 26.-8.7(b) (the 45–day stay).[1] At the time the 45–day stay was issued, no other pleading had been filed by petitioner. Shortly thereafter, on June 21, respondent, who is the warden of San Quentin Prison, noticed a motion to vacate the stay of execution. On July 7, the 45–day stay was extended for an additional 30 days, primarily because the court had not yet secured qualified counsel for appointment. The hearing date of respondent's motion also was continued. Finally, on July 30, the court was able to appoint counsel to represent petitioner. On August 8, petitioner, through appointed counsel, filed his opposition to respondent's motion to vacate the stay of execution and also applied for the 120–day stay under Local Rule 26.8.7(c) (the 120–day stay).[2] The 120–day stay was granted on August 10 and remains in effect. Respondent's motion to vacate the stay of execution was heard and orally denied on August 13. Because there is little case law on the issue tendered by this motion, the court here sets forth an explanation of the reasons for its ruling denying respondent's motion.[3]

As the above summary of the proceedings to date indicates, petitioner has not yet filed a petition for writ of habeas corpus—certainly not any pleading denominated as such. Based on this procedural posture, respondent contends that this court has no jurisdiction to issue a stay of execution. According to respondent, a federal district court acquires jurisdiction to issue a stay of execution only after a habeas petition is filed. *See* 28 U.S.C. § 2251. Thus, the issue is whether or not a district court has jurisdiction to issue a stay of execution before a habeas petition is filed, on the basis of a request for appointment of counsel and the *pro se* representation that petitioner intends to file a habeas petition alleging non-frivolous federal constitutional error.[4] Petitioner has advanced a number of grounds justifying issuance of a stay prior to the filing of a habeas petition; however, only one requires discussion.[5]

1. Local Rule 26.8.7(b) provides:

> Where counsel in state court proceedings ... is ... not available or qualified to proceed, the selection panel will designate an attorney from the panel who will assist an indigent petitioner in filing **pro se** applications for appointment of counsel and for temporary stay of execution. Upon the filing of this application the district court shall issue a temporary stay of execution and appoint counsel from the panel of attorneys certified for appointment. The temporary stay will remain in effect for forty-five (45) days unless extended by the court.

2. Local Rule 26.8.7(c) provides, in relevant part:

> Where counsel new to the case is appointed, upon counsel's application for a temporary stay of execution accompanied by a specification of nonfrivolous issues to be raised in the petition, the district court shall issue a temporary stay of execution unless no nonfrivolous issues are presented. The temporary stay will remain in effect for one hundred twenty (120) days to allow newly appointed counsel to prepare and file the petition.

3. The Local Rules under which both the 45–day stay and the 120–day stay were issued are part of Local Rule 26.8, which is entitled "Special Requirements for Habeas Corpus Petitions Involving the Death Penalty." This rule is, essentially, a "uniform" rule, having been adopted by all of the district courts in California with only minor variations. *See* E.D.Cal. Local Rule 191; N.D.Cal. Local Rule 295; S.D.Cal. Local Rule 295–2. The purpose of this rule, as even a cursory review will disclose, is to permit the orderly hearing and determination of capital habeas cases and to avoid, to the extent possible, last-minute stays of execution and midnight telephone calls.

4. The alleged federal constitutional errors which petitioner intends to present are non-frivolous in the sense that petitioner states that such errors "entitle me to relief from the judgment of death."

5. However, because respondent cites it as controlling Circuit authority, a word must be said about *Reese v. Teets,* 248 F.2d 147 (9th Cir.1957). Respondent relies on it for the proposition that

## DISCUSSION [6]

The All Writs Act provides:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). In the leading case of *FTC v. Dean Foods Co.*, 384 U.S. 597, 86 S.Ct. 1738, 16 L.Ed.2d 802 (1965), the Supreme Court held that the All Writs Act authorized a court of appeals to issue an injunction against a merger in order to preserve the possibility of reviewing the decision of the Federal Trade Commission (FTC) that the merger would violate the antitrust laws even before a petition for review was filed. The Court cited numerous cases for the proposition that the power "extends to the potential jurisdiction of the appellate court where an appeal is not then pending but may later be perfected." *Id.* at 603, 86 S.Ct. at 1742.[7] Respondent seeks to distinguish *Dean Foods* on the ground that once an action reviewable by the appellate court starts, "the exclusive jurisdiction of the court of appeals to review the final outcome also starts." On the other hand, respondent contends, a district court's jurisdiction does not commence until an action is filed in that court. Thus, potential jurisdiction can only be preserved by an appellate court. The argument is mistaken.

Under the Federal Trade Commission Act, 15 U.S.C. § 45(c), a petition for review of an order of the FTC, filed with a court of appeals, is the initial entry of such an action into the Article III court system. Likewise, a habeas petition to review a state court conviction, filed with a district court, is also the initial entry of such an action into the Article III court system. Thus, the analogy between *Dean Foods* and a habeas proceeding is quite compelling. The procedural posture in both *Dean Foods* and the case at bench are identical: The court issuing the stay was the initial federal court with the potential jurisdiction to hear the matter on the merits and no petition initiating the action had yet been filed. *Dean Foods* expressly holds that the authority of an appellate court "is not confined to the issuance of writs in aid of a jurisdiction already acquired by appeal but extends to those cases which are within its appellate jurisdiction although no appeal has been perfected." 384 U.S. at 603–04, 86 S.Ct. at 1742, *quoting Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). In short, *Dean Foods* authorizes issuance of a writ under the All Writs Act if it is necessary to preserve a court's potential jurisdiction.[8]

---

a district court "has no power to stay the execution of judgment of a state court save as an incident to the exercise of its jurisdiction in habeas corpus." *Id.* at 149. The court agrees with petitioner that the reason why *Reese* was decided the way it was no longer obtains; therefore, it does not control in the present circumstances. *Reese*'s no jurisdiction holding was based on then-controlling case law that a state prisoner was required to petition for certiorari from the denial of his state habeas petition before seeking federal habeas relief. *Id.* at 148. *See Darr v. Burford*, 339 U.S. 200, 216–17, 70 S.Ct. 587, 596–97, 94 L.Ed. 761 (1949). That holding of *Darr* was subsequently overruled, some years after *Reese*. *See Fay v. Noia*, 372 U.S. 391, 435, 83 S.Ct. 822, 847, 9 L.Ed.2d 837 (1963). Thus, the exhaustion requirement on which *Reese* rested is no longer good law and *Reese* was an exhaustion case. It does not discuss at all the All Writs Act.

**6.** The discussion that follows applies equally to both the 45–day stay and the 120–day stay. An argument could be made that the motion is now moot with respect to the former stay because it has been superseded by the latter. However, the 45–day period is so short that, as in this case, a motion to vacate that stay could not be heard and determined before the stay expired or was superseded. Thus, under the well-established doctrine of "capable of repetition yet evading review," *see, e.g., Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (per curiam), the court holds that respondent's motion is not moot as to the 45–day stay granted under Local Rule 26.8.7(b).

**7.** *See also in Re Grand Jury Proceedings United States*, 626 F.2d 1051, 1059 (1st Cir.1980) (writ issued to preserve evidence on appeal, although notice of appeal not yet filed, in aid of potential jurisdiction).

**8.** It is somewhat ironic that respondent should take the opposing position in this case. California itself has succeeded in the Supreme Court in obtaining a stay *before* a petition for writ of certiorari was filed. *See California v. Velasquez*, 445 U.S. 1301, 100 S.Ct. 1333, 63 L.Ed.2d 595 (1980) (Rhenquist, J., in chambers).

Respondent's argument that specific, non-frivolous constitutional error must be alleged in the initial pleading in order to make clear that such potential jurisdiction will exist is an argument going to the merits.[9] Moreover, the cases impose no such requirement. For example, in *I.T.T. Community Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n. 19 (5th Cir.1978), the court held: "When potential jurisdiction exists, a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." At this stage, petitioner has sufficiently shown that potential habeas jurisdiction exists: He has stated under oath, *pro se*, that his conviction and sentence of death are final; that he has exhausted available state remedies; and that "federal constitutional errors which entitle [him] to relief from the judgment of death" can be alleged.[10] To expect more from a *pro se* petitioner who is entitled to, but who has not been furnished with, appointed counsel may itself amount to the denial of a constitutional right.

Finally, respondent relies on *Demosthenes v. Baal*, —— U.S. ——, 110 S.Ct. 2223, 109 L.Ed.2d 762 (1990) (per curiam), as recent, controlling authority which requires a habeas petition to be filed as a prerequisite to the issuance of a stay. They misconstrue the case. In fact, in *Demosthenes*, a petition had been filed by the prisoner's parents acting as his "next friends." The narrow holding of the case, in vacating the stay, is that the requirement for next friend standing, as recently set forth in *Whitmore v. Arkansas*, —— U.S. ——, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990), had not

been met. The Court did state, as quoted by respondent,

> federal courts are authorized by the federal habeas statutes to interfere with the course of state proceedings only in specified circumstances. Before granting a stay, therefore, federal courts must make certain that an adequate basis exists for the exercise of federal power.[11]

*Demosthenes*, 110 S.Ct. at 2226. This is petitioner's first federal petition after exhaustion of state remedies. He represented, *pro se*, that he was able to allege federal constitutional error. His newly-appointed counsel has subsequently filed a three-page specification of non-frivolous constitutional issues which he believes could be raised in the petition.[12] Thus, this is a proper case for a habeas proceeding. Petitioner has adequately demonstrated that at least the potential for habeas jurisdiction exists. The All Writs Act, as construed in *Dean Foods*, furnishes "an adequate basis" for the granting of both the 45–day stay and the 120–day stay in order to preserve this court's potential habeas jurisdiction.

IT IS ORDERED that respondent's motion to vacate the stay of execution of the sentence of death is DENIED.

---

**9.** Respondent concedes that, "The All Writs Act may be used to preserve direct appellate jurisdiction," but contend that it may not be used by a district court "to create habeas corpus jurisdiction in the absence of a specific constitutional issue." This distinction is contrary to the plain wording of the statute. The All Writs Act applies to *"all courts* established by Act of Congress" (emphasis added), not just to appellate courts.

**10.** This issue is not present with respect to the 120–day stay. As required by Local Rule 26.8.-7(c), in his application for that stay, counsel made a preliminary specification of non-frivolous constitutional issues which could be

raised. Counsel has specified six separate issues which are summarized in three pages.

**11.** *Demosthenes*, like *Reese, see* footnote 5, *supra*, did not, since it had no occasion to do so, address a district court's power to issue a stay under the All Writs Act.

**12.** It may be noted that the California Supreme Court did find error and, in one instance, it was uncertain whether the error was federal constitutional error; however, it further found that the error was harmless. *People v. Brown*, 46 Cal.3d at 446–48, 250 Cal.Rptr. 604, 758 P.2d 1135.